# MARY C. ZIMMERMAN

*v.*

# ELIJAH A. WILLARD *et al.*

*Filed at Mt. Vernon June 13, 1885.*

1.  PLEADING—*as to mere matters of evidence.* It is not proper for a pleader to plead mere matters of evidence in any case.

2.  SAME—*alleging fraud in deed of assignment for benefit of creditors.* To an interpleader by an assignee for the benefit of creditors, filed in a suit by attachment against the assignor and another, who were sued as partners, claiming the property attached and the debts garnisheed as having passed under the assignment for creditors, the attaching creditor replied that the deed of assignment "was executed, made, had and contrived by the said grantor therein, of his fraud and covin, with the intent and purpose to delay, hinder and defraud his creditors," etc. The court sustained a demurrer to the replication: *Held,* that the replication was good in both substance and form. The pleading was not obnoxious to the objection that it stated the mere conclusion of the pleader, and not the facts constituting the fraud. The making of the deed of assignment, and the fraudulent intent, were the two facts essential to the defence, and they were distinctly averred.

3.  ASSIGNMENT FOR THE BENEFIT OF CREDITORS—*of the place where deed may be acknowledged—the statute construed.* A deed of assignment by a failing debtor to assignees, for the benefit of creditors, is not required by the statute to be acknowledged in the county where the grantor resides, but must be there recorded. The words in the first section of the act of 1877, that "every assignment shall be duly acknowledged and recorded in the county where the person or persons making the same reside," do not require the deed to be acknowledged at the county of the grantor's residence. There should be a comma after the word "acknowledged."

4.  SAME—*sufficiency of certificate of acknowledgment.* A certificate of the acknowledgment of a deed by a debtor, of his lands, etc., for the benefit of creditors, which stated that the grantor was personally known to the officer, and that he appeared before such officer and made the acknowledgment of the deed, is substantially good, as sufficiently showing that the grantor did appear in person before the officer, at least under the act relating to voluntary assignments.

5.  SAME—*if in fraud of creditors—of the right to attack the assignment after county court has assumed jurisdiction.* If the assignment by a debtor for the benefit of certain of his creditors is made for the purpose of defrauding certain other of his creditors, it will be void as to the latter; and the fact that the county court has assumed jurisdiction of the subject matter

of the assignment, and appointed new assignees, will not prevent creditors so attempted to be defrauded from attacking the deed for fraud, in a collateral proceeding, when it is sought by it to withdraw property attached by them, and place the same in the hands of the assignees appointed by the court.

6. WITNESS—*competency—grantor in deed of assignment for benefit of creditors.* A debtor who makes a voluntary assignment of his property for the benefit of creditors, is a competent witness, on the trial of an interpleader interposed by his assignee in an attachment suit against him and another, to show that he alone owned the property attached, and therefore that it belonged to the assignee, and was not subject to attachment.

7. ERROR *will not always reverse—ruling that a good pleading is bad, when there are issues on other pleadings equally availing.* It is sufficient in any case that there is one issue under which a given defence may be proved. Therefore a reversal will not be given for sustaining a demurrer to a good plea or replication, where the evidence is admissible, and has been heard under some other issue.

APPEAL from the Appellate Court for the Fourth District; —heard in that court on appeal from the Circuit Court of Union county; the Hon. O. A. HARKER, Judge, presiding.

This case originated in an action by attachment, brought by Mary C. Zimmerman, against Elijah A. Willard and G. W. Patterson, as partners. Prior to this suit Willard had made an assignment of all his real and personal estate to certain persons, for the benefit of his creditors. They having failed to qualify and serve, the county court of Union county appointed Philip V. N. Davis and William C. Rich in their place. These assignees appeared in the attachment suit, and interposed an interpleader, alleging that the money in the hands of the garnishees did not belong to Willard & Patterson, but was the individual property of Willard. The plaintiff traversed this plea in the usual form, and, by leave, filed a special replication, as follows:

"And the said plaintiff, by leave of the court for that purpose first had and obtained, as to the said plea of interpleader of said Philip V. N. Davis and William C. Rich, as assignees of the said Elijah A. Willard, saith, that by reason of anything in the said plea of interpleader set forth and alleged,

she ought not to be barred or hindered from the further having or maintaining her aforesaid action and her rights and remedies against the said Willard & Patterson, and against the property, rights, debts and credits attached, seized and taken by her said writ of attachment, and claimed by the said Rich and Davis in and by their said plea of interpleader, as therein set forth; because she says that the said supposed assignment by the said Elijah A. Willard, on the 18th day of July, A. D. 1882, mentioned in the said plea of interpleader of the said Philip V. N. Davis and William C. Rich, in this behalf, was executed, made, had and contrived by the said Elijah A. Willard, of his fraud and covin, with the intent and purpose to delay, hinder and defraud his creditors of their just and lawful actions and suits against the said Elijah A. Willard, and was and is utterly void and of no effect as against the said plaintiff, to-wit, at the county aforesaid. And this she is ready to verify," etc.

To this special replication the court sustained a general demurrer, and the plaintiff elected to abide by her replication.

Mr. A. D. DUFF, and Mr. W. J. ALLEN, for the appellant:

The deed of assignment was not admissible in evidence. The act of 1877 (section 1,) required it to be acknowledged in Union county. The statute is peremptory. *Hardman* v. *Bowen*, 5 Abb. (N. S.) 332; 39 N. Y. 196; *Cook* v. *Kelley*, 12 Abb. 35; 14 id. 466.

Laws in relation to assignments are strictly construed. *Heacock* v. *Durand*, 42 Ill. 232.

The certificate of acknowledgment is not in conformity with law. Section 26, chapter 30, of the Revised Statutes, prescribes the form, which must be substantially complied with. The officer must not only certify that the party whose name is signed to the deed "is personally known to him," but also that he who is so personally known to him "appeared before him in person and acknowledged," etc. The

notary here simply states that Willard "appeared before him July 18, 1882, and is personally known to him to be the same person whose name is subscribed to the deed." *Tully* v. *Davis*, 30 Ill. 108; *Shepard* v. *Carriel*, 19 id. 319; *Short* v. *Candee*, 28 id. 227.

Fraud vitiates all contracts, both at law and in equity, (*Whitney* v. *Roberts*, 22 Ill. 381,) and is cognizable in a court of law. *Jamison* v. *Beaubien*, 3 Scam. 113.

It is for the jury to determine whether an assignment is made in good faith or not. *Wilson* v. *Pearson*, 20 Ill. 81; *Nimmo* v. *Kuykendall*, 85 id. 476; *Hays* v. *Barnard*, 38 id. 297.

The special replication does not state a conclusion of law, but a fact, and the only fact necessary to be stated in such a replication. The intent with which the deed is alleged to have been made, is a traversable fact. That it contains all that is necessary, and is formal, see 1 Chitty's Pleading, 537; 3 id. 1168; Bump on Fraudulent Conveyances, 581, 582; *Boies* v. *Henny*, 32 Ill. 130.

There being no plea in abatement denying the partnership of Willard & Patterson, their evidence was not admissible to show there was no partnership, there being no such issue. *Warner* v. *Chambers*, 12 Ill. 124; *McKinney* v. *Peck*, 28 id. 177; *Degan* v. *Singer*, 41 id. 28; *Shufeldt* v. *Seymour*, 21 id. 524; *Zuel* v. *Bowen*, 78 id. 234; *Field* v. *Flanders*, 40 id. 470.

Mr. W. S. DAY, and Messrs. BARR & LEMMA, for the interpleaders:

The words of location in section 1 of the act of 1877, refer only to the recording of the deed.

The county court having assumed jurisdiction of the trust funds and property, can not be divested of it in this way. *Freydendall* v. *Baldwin*, 103 Ill. 325; *People* v. *Gray*, 72 id. 344.

The certificate of the acknowledgment of the deed is substantially good. The replication states no facts, but merely

a conclusion of the pleader. When fraud is set up, the facts constituting it must be stated. *Jones* v. *Albee,* 70 Ill. 34; *Davis* v. *Pickett,* 72 id. 484.

Charges of fraud and usury should not be general, but the facts distinctly stated on which the charges are based. *Newell* v. *Board of Supervisors,* 37 Ill. 253; *Shafer* v. *Davis,* 13 id. 395; *Hovey* v. *Holcomb,* 11 id. 660.

The appellant made only a general objection to the evidence of Willard & Patterson. If evidence is obnoxious to a special objection, it must be stated. *Railroad Co.* v. *Estes,* 96 Ill. 473; *Sargent* v. *Kellogg,* 5 Gilm. 81; *King* v. *Railroad Co.* 98 Ill. 377.

If the appellant fails to make the objection in the court below, so as to give an opportunity to obviate it by amendment of the pleadings, he will be held to have waived it. *City of Elgin* v. *Kimball,* 90 Ill. 356; *Driver* v. *Lord,* id. 599; *Druggers* v. *Bell,* 94 id. 225; *Stone* v. *Oil Co.* 41 id. 91; *Roberts* v. *Graham,* 6 Wall. 578; Rev. Stat. chap. 110, sec. 24.

Mr. CHIEF JUSTICE MULKEY delivered the opinion of the Court:

For several years next before July, 1882, Elijah A. Willard carried on the banking business at Jonesboro, Union county, this State. He was also, during the same time, engaged in the buying and shipment of grain at different points in the State, but principally in Union and Jackson counties. His operations in the grain trade were carried on mainly through G. W. Patterson, who resided on a farm belonging to Willard, near Makanda, in Jackson county, some fourteen miles distant. In July, 1882, Willard failed, and went to Mexico, where he has since resided. On his way there he passed through the city of St. Louis, where he executed and acknowledged, before a notary of that city, a deed, apparently in due form, bearing date July 18, 1882, whereby he conveyed to Thomas Hileman, Daniel Hileman and Charles F. Willard,

all his estate, both real and personal, for the benefit of his creditors. This deed was sent by mail to the grantees in Union county, and was there received by them, and properly recorded on the 22d of the same month. The grantees having afterwards declined to assume the trust, by a proper proceeding in the county court of Union county Philip V. N. Davis and William C. Rich, Sr., appellees, were, on the 24th of July, 1882, duly appointed assignees in their stead, and thereupon entered upon the duties of the trust. On the 9th of September following, Mary C. Zimmerman, the appellant, and a number of other creditors of Willard, proceeding upon the hypothesis that Patterson was a partner with Willard in the grain business, sued attachments out of the circuit court of Jackson county against the estate of the said Willard & Patterson. These writs were served upon a number of commission merchants in the State, as garnishees, whose answers show that they, collectively, had in their hands some $3000 due Willard, or Willard & Patterson, as the case might be, on account of wheat transactions between them. Pending these attachment proceedings, Davis and Rich, the assignees, appeared in court and filed interpleaders, claiming that the money in the hands of the garnishees was the individual property of Willard, and consequently passed to them by virtue of the deed of assignment. The attaching plaintiff in the present case denied, generally, the allegations of the interpleader, and also replied specially that the deed of assignment through which appellees claim "was executed, made, had and contrived by the said Elijah A. Willard of his fraud and covin, with the intent and purpose to delay, hinder and defraud his creditors," etc. To this replication the court sustained a general demurrer, and the cause was then submitted to a jury upon the issue tendered by the interpleader, resulting in a verdict in favor of appellees, upon which the court rendered final judgment. From this judgment there was an appeal to the Appellate Court for the Fourth District,

24—114 ILL.

where the same was affirmed.   The present appeal is from
the judgment of the latter court.

The ruling of the court upon the demurrer to the special
replication to the interpleader presents the first question for
consideration.   It is first objected that the replication states
a mere conclusion of the pleader, and not the facts constitut-
ing the fraud, as it should do.   This is a misapprehension.
While we fully recognize the general rule adverted to by coun-
sel, yet in applying it there is another general rule that must
not be lost sight of, namely, that it is not proper to plead
mere matters of evidence in any case.   It may be difficult in
some cases to apply these well recognized rules of pleading,—
and this, indeed, is conceded by the most authoritative text
writers; yet we perceive no difficulty in applying them in the
present instance.   The fraud relied on here is not, as is gen-
erally the case, to be inferred from a great variety of issuable
facts to be proven on the trial.   It differs from other cases
in this respect, however, only in the paucity of the issuable
facts from which the fraud is to be inferred.   The defence
here consists of two facts, namely, the making of the deed,
and the alleged illegal or fraudulent intent with which it was
done.   Both these facts are distinctly averred, and present
triable issues, and this is all the law requires.

We have examined with care all the cases cited by appel-
lees' counsel which are supposed to be inconsistent with the
conclusion here reached, but we find nothing in them that,
in our judgment, warrants such an inference.   It is true the
language of the opinions in some of them is quite broad, yet
when limited, as it must be, to the facts in the particular
case, it is entirely consistent with the conclusion here reached.
Most of the cases in this court bearing upon the question are
mainly based upon *Hovey et al.* v. *Holcomb et al.* 11 Ill. 660.
But even in that case, which may be regarded as the leading
one on the subject in this State, this court holds the follow-
ing language:   "It may sometimes be a sufficient averment

of fraud to say that a certain specified act was fraudulently done, or that it was fraudulent, without showing how it was fraudulent." The case in hand evidently falls directly within the class of cases here alluded to.

As to the form of the replication, it is in strict conformity with the precedents, and we see no objection to it in that respect. 3 Chitty's Pleadings, *1168.

It is further objected that the deed of assignment, having been properly filed and recorded in the county court, and that court having necessarily recognized its validity in appointing new trustees under it, its validity can not be questioned in a mere collateral proceeding, as is sought to be done here; that by reason of such action of the county court its validity became *res judicata*, and hence it can only be attacked by a direct proceeding for the purpose of setting it aside. We do not concur in this view, nor do we think the authorities cited by counsel in its support sustain it, and there is certainly nothing in the statute that justifies such a conclusion. It is clear appellees' right to the attached property depended solely upon the validity of the deed of assignment, and it is equally clear that if it was made, as is alleged in the replication, with the intent to defraud the creditors of Willard, it was void and inoperative as to such creditors. We are therefore of opinion the replication presented a valid defence to the case made by the interpleader, and that the court erred in sustaining the demurrer to it. Nevertheless, we do not think the judgment should be reversed for that reason. Under the general traverse of the interpleader the appellant had the right to prove any fact which could properly have been given in evidence under the special replication, and she could not therefore have been injured or prejudiced by the ruling of the court upon the demurrer. It is sufficient in all cases that there is one issue in the cause under which a given defence may be proven. That was the case here. *Zirkel* v. *Joliet Opera House Co.* 79 Ill. 334.

The point is also made that the court erred in admitting
the deed of assignment in evidence, against the objections of
appellant. The grounds of the objection are two-fold: First,
that the deed was acknowledged outside of the State; and
second, that the certificate of acknowledgment is insufficient
in this, that it does not state the grantor appeared before
the notary *in person.* The first section of the act of 1877,
under which the assignment was made, provides, among other
things, that "every assignment shall be duly acknowledged
and recorded in the county where the person or persons mak-
ing the same reside," etc. The deed in question was, as we
have already seen, duly recorded in Union county, where
Willard resided; but the contention of appellant is, that it
should also have been acknowledged there. We do not think
that this is a fair or reasonable construction of the language
cited. While the object of the legislature in requiring the
deed to be recorded in the county where the assignor resides,
etc., is quite apparent, yet no possible reason is perceived for
requiring it to be acknowledged there. The place of acknowl-
edgment would therefore seem to be wholly inconsequential,
and to limit it to a particular place would certainly, in many
cases, lead to great inconvenience, and in some would prob-
ably operate as a denial of the right of a failing debtor to make
such an assignment at all. A construction which would lead
to such results ought not to be adopted unless the statute
plainly and imperatively demands it. We do not think it
does in this case. Had a comma been inserted after the
word "acknowledged," as it should have been, no one would
have thought of that word being limited by the qualifying
member of the sentence, *"in the county where the person or
persons making the same reside,"* etc., and we are of opinion
that sound reason and public convenience alike require the
provision in question to receive the same construction as if
the comma had been so inserted. We therefore hold that the
requirements of the statute were fully met by the recording

of the instrument in Union county,—the place of Willard's residence.

In respect to the sufficiency of the acknowledgment, we do not deem it necessary to enter into an elaborate discussion of the question, or upon a review of the authorities relating to it, but will content ourselves with stating, in general terms, that we regard the certificate sufficient. It states that Willard was personally known to the notary, and that he appeared before such notary and made the acknowledgment in question. We think the fair inference is, that the party making the instrument did appear in person before the notary, though it is not expressly so stated in the certificate; and without expressing any opinion as to whether this would be sufficient under our Conveyance act, we have no hesitancy in holding, as we do, that it is a substantial compliance with the act relating to voluntary assignments.

It is further objected that the court erred in admitting the deposition of Willard in evidence, for the purpose of proving that the moneys attached belonged to him individually, and not to him and Patterson, as partners. The argument is, that Willard & Patterson having been sued as partners, and the existence of the partnership being admitted by them upon the record, Willard could not, on his own behalf, introduce evidence to disprove it, and as the assignees claim through him as mere volunteers, they have no rights in this respect which he himself could not exercise. The argument is manifestly unsound. It leads to this: that one, after having made a valid assignment of his property for the benefit of creditors, might, by failing to make a proper defence when sued by a stranger in respect to it, defeat the assignment altogether. It is not within the power of the insolvent debtor in such case, by any action or non-action of his, in pleading or otherwise, to defeat the claims of the creditors under the assignment. As between the appellant and Willard, as a party defendant in the attachment suit, the evidence objected to

would clearly have been incompetent, on the ground suggested by appellant's counsel. But the evidence was not offered in that case, nor at the instance of Willard. The filing of the interpleader was, in effect, the commencement of a new suit by parties claiming adversely to both the plaintiff and defendants in the attachment suit, for the enforcement of rights which accrued, if they have any existence at all, long before the commencement of the attachment proceeding, and to hold that the rights of the creditors thus accruing could be prejudiced by anything Willard might do or neglect to do in the attachment suit, would certainly be a startling proposition, and one to which we can not for a moment yield our assent.

Upon a careful consideration of the instructions, we find no substantial error requiring a reversal. Some of those given on behalf of appellees are, considered as general propositions, subject to criticism, but as applicable to the evidence before the jury, and the controlling issue in the case, the appellant could not have been prejudiced by them. As to appellant's refused instructions, we think they either announced a wrong principle of law, or were calculated to mislead the jury, and were therefore properly refused. The truth is, the case was tried and decided by the jury upon a sharp issue of fact. Whether the attached property belonged to appellees, as charged in the interpleader, depended upon whether or not Willard & Patterson were partners in the grain trade. Appellant maintained that they were, and appellees that they were not. This was the frictional point in the case, and the one upon which it turned. The proofs in other respects were formal, merely. Upon this issue the jury found in favor of appellees, and their finding has received the sanction and approval of the circuit and Appellate courts, and, as already indicated, we discover no error in the proceedings of the trial court which we regard as having contributed to this result, and we are therefore not permitted to interpose.

The judgment will be affirmed.          *Judgment affirmed.*