## DANIEL COHEN

v.

## JOHN V. FARWELL ET AL.

| 29  277|
|138s 216|

*Voluntary Assignments—Jurisdiction of County Court—Sec. 3, Act of 1877—Pleading.*

1. The jurisdiction of the County Court in matters of voluntary assignment depends upon the execution of an assignment substantially in the mode prescribed by the statute.

2. A transfer by a debtor of all his property to a trustee for the benefit of certain of his creditors, leaving others unsecured, no intention being shown to follow the statute governing voluntary assignments, is not within the jurisdiction of the County Court touching assignments for the benefit of creditors.

[Opinion filed November 23, 1888.]

IN ERROR to the Circuit Court of Vermillion County; the Hon. C. B. SMITH, Judge, presiding.

Mr. J. B. MANN, for plaintiff in error.

It will not be contended that the County Court can obtain any jurisdiction unless an assignment has been in fact made. This is not an attack by defendants in error upon a fraudulent assignment, but is a claim on their part that an assignment has been made.

The instrument itself, without the benefit of any explanation by the circumstances and agreements concurring with its execution, does not amount to an assignment. To constitute a paper such an assignment as will give the County Court jurisdiction, it must be of such a formal and valid nature as to render the property in the hands of the assignee free from attachment at the suit of a creditor and the entire proceeds thereof free from garnishment. It is not enough that the instrument should be good *inter partes;* it must be good as to all persons who may be interested in the property with which it deals. This must be the rule because the assignment is the

jurisdictional fact which must exist before the County Court can act.

If this instrument had been intended as an assignment it would have been insufficient and invalid for the reason that it was not executed as required by the statute.

An acknowledgment is absolutely necessary to the validity of an assignment, and the failure to acknowledge is not cured by the delivery of the property to the assignee.    Hardmann v. Bowen, 39 N. Y. 196.

This case has been approvingly commented upon and re-affirmed by the courts of New York in the following cases: Britton v. Lorenx, 45 N. Y. 51; Fairchild v. Gwynne, 16 Abb. Pr. 23; 14 Abb. N. C. 447.

It was the intention of our Legislature to create a new and complete law governing assignments, or at least to make very important modifications of the common law.    In such an event the provisions of the statute become mandatory.    This position is not in the least weakened by those cases which hold that the provisions of the statute which govern the action of the assignee after the assignment is made, are merely directory. The act of the assignor is the first step in the process of an assignment.    When he acts properly, then others besides the assignee become interested in the matter, and their rights are properly to be protected against his acts of misprision.    The assignor and assignee are governed by entirely different degrees of strictness in the application of the statutory re-quirements.

That an acknowledgment is necessary seems to have been admitted by the Supreme Court in Zimmerman v. Willard, 114 Ill. 364.

It seems perfectly plain that this so-called assignment, because of its defects apparent upon its face, could not with-stand the attack of any one hostile to it, and therefore can not be held to be such an assignment as gives to the County Court jurisdiction in the premises.

Messrs. TENNEY, BASHFORD & TENNEY and E. R. E. KIM-BROUGH, for defendants in error.

When an insolvent debtor makes a transfer by which sub-
stantially all his property is placed in the hands of one who
is to dispose of the same, and from the proceeds pay other
creditors of the grantor, the transaction, whatever be its form,
is in law an assignment for the benefit of creditors within the
true meaning of the statutes regulating such transfers. The
transfer may be irregular, and lack some of the formalities
usually found in deeds of assignment; but if its effect upon
the debtor's property is substantially what would be accom-
plished by a regular assignment, it will be held to be one, even
though the parties may claim that they intended to have it
operate in quite a different manner. When so construed it
may be declared entirely void, or enforced for the equal bene-
fit of all creditors. That is a matter of local law. In some
States an assignment which lacks the requirements pointed out
by statute, is by the statute declared to be void. In others,
as in Illinois, the objectionable features are simply expunged,
and the estate administered for the benefit of all creditors.
But the principle above stated pervades all the cases, and the
courts give to the transfer the effect which the statute pre-
scribes. And in all the States, which, like our own, merely
declare the preferential features void, the courts have been
uniform in giving a broad and liberal construction to the
statute, in order that its equitable purpose may not be judi-
cially defeated by a narrow and technical reading of its terms.
The question in each case has been, not, "Has a valid assign-
ment been made?" but "Has an assignment been made?"

A leading case on the question, and one which in its essen-
tial facts is very similar to the one at bar, is Harkrader v.
Leiby, 4 Ohio St. 602. See also, Bloom v. Noggle, 4 Ohio St.
45; Brown v. Webb, 20 Ohio, 389; Bonns v. Carter, 31 N. W.
Rep. 381.

The statute of Pennsylvania regulating assignments is almost
literally like ours. Under it a bill of sale to one creditor, to
pay himself and three others, was held to be an assignment.
Englebert v. Blanjot, 2 Wharton, 240.

So, also, a letter of attorney to collect money and pay it to
certain creditors in designated order was held an assignment.

"If, then, the letter of attorney and the acts done in pursuance of it virtually constituted an assignment, it was decisively within the power of the statute to regulate transfers for the benefit of creditors; else these statutes might be evaded, and the pernicious power to prefer be retained by changing the form of the instrument." Watson v. Bagaley, 12 Pa. St. 164; See, also, Fallon's Appeal, 42 Pa. St. 235; Miners' Nat. Bank's Appeal, 57 Pa. St. 193; Wallace v. Wainwright, 87 Pa. St. 263; Lucas v. Sunbury & E. R. Co., 32 Pa. St. 458.

The rule for which we contend is thoroughly established in Wisconsin. In Page v. Smith, 24 Wis. 368, a bill of sale with an agreement that the proceeds of the property should be applied in payment of the claims of the vendee and other creditors of the vendor was held to be an assignment. A later case in the same State, and one which shows the tendency of the recent decisions on this question, is Winner v. Hoyt, 28 Northwestern Rep. 380; See, also, Martin v. Hausman, 14 Fed. Rep. 160; Weil v. Pollock, 30 Fed. Rep. 813; Woonsocket Rubber Co. v. Falley, 30 Fed. Rep. 808, and the cases cited.

In Minnesota it is held that when a conveyance is made to a creditor under an agreement by which he is to sell the property, and out of the proceeds pay his own and other debts of the assignor, he becomes a trustee, and the transfer is an assignment. Truitt v. Caldwell, 3 Minn. 364.

The same rule is laid down in the following cases: Harkrader v. Leiby, 4 Ohio St. 602; Bloom v. Noggle, Ibid. 45; Winner v. Hoyt, 28 N. W. Rep. (Wis.) 380; Murphy v. Caldwell, 50 Ala. 461; Bonns v. Carter, 31 N. W. Rep. (Neb.) 381; Lucas v. S. & E. R., 32 Pa. St. 458; Page v. Smith, 24 Wis. 368; Ingram v. Osborn, 35 N. W. Rep. (Wis.) 304.

Another distinguishing mark of an assignment is that it does not merely pledge the property as security for the payment of the debts, as in the case of a mortgage; it appropriates it absolutely to their payment by giving the assignee power to raise a fund by sale to pay them. Burrill on Assign., Sec. 4; Crow v. Beardsley, 68 Mo. 438; Hoffman v. Mackall, 50 Ohio St. 124. This power is not a mere license to sell upon

breach of some condition; but the purpose for which the property is placed in his hands, is to have it sold, and the fund thus created applied in payment of the grantor's debts.

WALL, P. J.   The appellees filed their petition in the County Court alleging that they were creditors of one George Silverman, who had recently transferred, by an instrument in writing which is set out *in hæc verba*, all his estate, consisting of a stock of goods, to the appellant as trustee, for the purpose of securing certain creditors named ; that said Silverman was insolvent; that the transfer was in effect an assignment for the benefit of creditors with unlawful preferences; that the trustee was proceeding to carry out the provisions of the said transfer; that he was a non-resident, had given no bond, and praying that he might be required to appear before the court, file a schedule of the property and submit to the jurisdiction of the court; and for reasons urged, that he might then be removed and an unobjectionable person appointed assignee, and that the estate of said Silverman should then be administered upon, under the direction of the County Court.

To this petition the appellant filed his answer, to which a demurrer was interposed.   The demurrer was sustained and an order entered according to the prayer of the petition, removing appellant and appointing John G. Thompson assignee in his stead.   From this order an appeal was prosecuted to the Circuit Court where the judgment of the County Court was affirmed, and an appeal is now prosecuted to this court.   The position is taken by appellee that the transfer in question was in a legal aspect an assignment of the debtor's estate for the benefit of creditors with unlawful preferences. It was alleged in the petition that the property conveyed was all the debtor had and that he was then insolvent.   These two allegations are neither admitted nor denied in the answer, and, if the rules of chancery pleading (which would seem to be analogous) are applicable, it was incumbent upon the petitioner to prove them.   They are material to the case made by the petition and it seems clear that it was error to grant relief as therein prayed with no evidence to support them.

Aside, however, from the question of pleading, we are
brought to the more important inquiry whether, admitting the
petition to be true, the County Court properly assumed juris-
diction to administer upon the estate of Silverman as though
he had made a voluntary assignment.

It must be of course conceded that the County Court
derived whatever power it may possess in that regard from
the act of 1877, entitled "An act concerning voluntary
assignments and conferring jurisdiction therein upon County
Courts." The various provisions of this statute were exam-
ined and analyzed at length by the Supreme Court in the case
of Hanchett v. Waterbury, 115 Ill. 220. It was there held
that, when a voluntary assignment is made under the statute
(and there can be no valid assignment except under the statute)
the County Court is invested with a new and special jurisdic-
tion to administer the estate of the insolvent, exclusive in its
character, except that under peculiar circumstances a court of
equity may intervene to prevent a failure of justice.

In Preston v. Spaulding, 120 Ill. 208, it was held that when
a voluntary assignment is made under the statute, and the
property has passed to the assignee, the County Court is
vested with ample jurisdiction to control the disposition of the
property and adjust conflicting claims thereto, but that it was
not to be understood that the County Court was by that act
invested with general chancery powers and that in respect to
matters of a purely equitable character specially cognizable in
courts of equity, resort must still be had to the courts of gen-
eral chancery jurisdiction.

In both of these cases the provisions of the 13th section
were noticed and it was observed that thereby a new principle
has been engrafted upon the law of assignment prohibiting
all preferences among creditors and requiring a *pro rata* dis-
tribution of the assets.

Considering the provisions of the statute in the light of
these decisions we are of opinion that it is a prerequisite to
the jurisdiction of the County Court that a voluntary assign-
ment should be executed, substantially in the mode pointed
out by the law. It is not enough that the debtor has by some

other method (consisting of one or a greater number of acts or transfers all in pursuance of a general design) surrendered his entire property for the payment of his debts, or that in so doing he has so arranged that some of his creditors may be preferred to others in violation of the rule contained in said section 13.

In Preston v. Spaulding, *supra* (p. 217), it was said: "The statute is silent as to the form of the instrument or instruments by which an insolvent debtor may effect an assignment. The declaration of assignment, which is to evidence the intention to make a voluntary assignment, it would seem must be in writing, for it must be acknowledged and recorded in the county and have annexed a verified inventory of the estate and a list of creditors, etc.; but an incorrect inventory and list in no way affects the validity of the assignment, nor is the inventory conclusive as to the amount of the debtor's estate."

So also in Zimmerman v. Willard, 114 Ill. 364, it was assumed that the acknowledgment required by the first section of the act was necessary. It is true that in neither one of the cases above cited was the question directly presented as to the necessity of a compliance with the terms of the act in order to create such an assignment as would invest the County Court with jurisdiction, but it is quite apparent that it was so assumed throughout. It can not be presumed that when the Legislature provided for this new jurisdiction in so important a matter and pointed out in clear terms the mode to be followed in executing the instrument which was to be the foundation of the proceedings, that it was intended that any substantial requirement might be dispensed with. Such a construction would enlarge indefinitely the provisions of the enactment and is not to be justified. The present case will illustrate the possible, and indeed, the natural result of adding by judicial intendment to the unambiguous language of the law.

Turning to the instrument of transfer set out in the petition, we find that it was not acknowledged nor recorded as required by section one of the assignment act; that it purports merely to secure the debts named, and authorizes the trustee to sell in the mode prescribed only so much of the property as neces-

sary to pay the particular debts. It was alleged in the
answer and admitted by the demurrer that when the transfer
was made, the creditors therein mentioned held judgment
notes which were then due and upon which they threatened
immediate proceedings and that Silverman was unable to
obtain a further extension. There was here no compliance
with the statute; evidently nothing of the sort was intended
or thought of. It may be that the debtor in effect gave a
lien upon all he possessed in favor of the creditors named, and
that it would all have been appropriated in payment of their
claims, but we do not understand that this is conclusive in
favor of the position assumed by appellee.

To quote again from Preston v. Spaulding (p. 217), "It will
be observed the act does not assume to interfere in the slight-
est degree with the action of the debtor while he retains the
dominion of his property. Notwithstanding the act, he may
now, as heretofore, in good faith sell his property, mortgage
or pledge it, to secure a *bona fide* debt, or create a lien upon it
by operation of law, as by confessing a judgment in favor of
a *bona fide* creditor. But when he reaches the point where
he is ready and determines to yield the dominion of his prop-
erty, and makes an assignment for the benefit of his creditors
under the statute, the act declares that the effect of such
assignment shall be the surrender and conveyance of all his
estate not exempt by law, to his assignee, rendering void all
preferences and bringing about the distribution of his estate
equally among his *bona fide* creditors; and we hold that it is
within the spirit and intent of the statute that when the debtor
has formed a determination to voluntarily dispose of his whole
estate and has entered upon that determination, it is imma-
terial into how many parts the performance or execution of
that determination may be broken. The law will regard all
his acts having for their object and effect the disposition of
his estate, as parts of the single transaction, and on the execu-
tion of the formal assignment it will, under the statute, draw
to it, and the law will regard as embraced within its provisions,
all prior acts of the debtor having for their object and pur-
pose the voluntary transfer or disposition of his estate to or

for his creditors, and if any preferences are shown to have been given by the debtor to one creditor over another in such disposition of the estate, full effect will be given the assignment and such preferences will, in a court of equity, be declared void, and set aside as in fraud of the statute."

This exposition of the statute manifestly excludes the theory of the petition upon which the relief is based, and renders it unnecessary to further discuss the question involved. The cases cited from other States, whatever they may establish as to the law in those States under their legislation, can not control in the construction of our statute.

To support the judgment in this case makes it necessary to hold that when a debtor by mortgage or other transfer gives a lien upon all his property in favor of certain creditors, leaving others unsecured, the County Court may at once assume jurisdiction, declare the act to be an assignment for the benefit of creditors, and proceed to administer upon the entire estate of the insolvent, making a disposition *pro rata* among all creditors, regardless of the prior lien intended by the debtor; all this upon the theory that it is authorized by the statute, when confessedly the statute has not been followed and when there was no purpose of the debtor to proceed under it. To state the proposition is to refute it.

We are not called upon to determine whether the principle of Sec. 13, that in an assignment there can be no preferences, shall be extended and applied to all cases where a failing debtor makes over all he has for the benefit of a part of his creditors, there being no statutory assignment; but if so, no doubt it would be enforced in any tribunal where, in proceedings appropriate to such tribunal, the point might properly arise. The mere existence of such a principle can not give the County Court jurisdiction to administer the relief as sought in this case. The judgment will be reversed and the cause remanded with directions to dismiss the petition.

*Reversed and remanded.*