**Robert Kaminski, Plaintiff-Appellant, v. Missionary Sisters of the Sacred Heart, a Corporation, et al., Defendant, Corbetta Construction Co., Defendant-Appellee.**

### Gen. No. 50,068.

First District, First Division.

September 13, 1965.

Robert Reiff, of Cicero (Francis X. Riley, of counsel), for appellant.

Hinshaw, Culbertson, Moelmann & Hoban, of Chicago (Karl M. Tippet, of counsel), for appellee.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

Robert Kaminski, a workman on an addition to the Frank Cuneo Hospital in Chicago, brought this suit under the Structural Work Act (Ill Rev Stats 1963, c 48, §§ 60 and 69) against the owners and operators of the hospital (the Missionary Sisters of the Sacred Heart, the Frank Cuneo Memorial Hospital, and the Catholic Bishop of Chicago), against the general contractor (Corbetta Construction Company), against the sub-contractor and Kaminski's employer (Hascek Flooring Company) and against the maker of the sealer product which the plaintiff was applying when he was injured (Crossfield Products Corporation). The plaintiff appeals only from a summary judgment rendered in favor of the general contractor, Corbetta Construction Company.

From the allegations of the plaintiff's amended complaint and from the answers to oral and written interrogatories and the affidavit of record, it appears that Hascek Flooring Company had a contract with Corbetta to provide labor and material for the roofing of a dome-shaped cupola which was about six feet above the hospital roof and which covered an elevator shaft and housed the mechanism and superstructure of the elevator. Hascek employed the plaintiff and assigned him to apply sealer to the cupola which the plaintiff described in his pretrial deposition as a one-man job. In the affidavit which he filed in opposition to the motion for summary judgment, the plaintiff stated that "in order to work on the cupola it was necessary for him to construct and . . . he did construct a scaffold of two by fours and one by tens, and . . . he used the scaffold to hold his materials and to work on the cupola." In the pretrial deposition, the plaintiff stated that, except for the wooden structure which he built, there was no type of scaffolding equipment in or on the cupola. He said that the wooden structure which he built was two feet long, four and one-half feet wide and five feet high; that it was used for getting on and off the cupola and for holding his equipment; and that he did not stand or do his work on it. When he was asked what caused his fall from the cupola, the plaintiff stated that he slipped because of a combination of factors including the smooth roof, the slippery sealer compound and the wind which carried the roller which he was using to apply the sealer. In reply to the written interrogatories, the plaintiff stated further:

> I constructed a scaffold with 1x10 and 2x4 boards. Due to a lack of lumber sufficient to encircle the domed roof, the plaintiff constructed this framed scaffold as far around the circumference as the

materials furnished him would reach. On the day of the injury, the plaintiff used this scaffold to hold his sealing materials, and used it to climb to the top of the dome. In applying the sealer to the apex of the dome, plaintiff lost his footing and slid down the roof. The scaffold was not long enough to cover the area where plaintiff slipped and he fell from the edge of the dome approximately six (6) feet to the roof below, where and when he suffered his injury.

If the defendant had supplied material sufficient to build the scaffold fully and completely, the plaintiff would have slid to the deck of the framed scaffold, and would not have fallen six (6) feet, which resulted in his injury.

The plaintiff contends on appeal that the trial court erroneously granted the summary judgment in favor of the general contractor because the pleadings, depositions and affidavits raised a triable issue of fact. His theory is that his affidavit states that Corbetta was "in charge of the work" and that Corbetta violated the Structural Work Act by furnishing insufficient materials to the plaintiff so that he was able to build a wooden structure covering only a part of the circumference of the cupola leaving an uncovered area through which he fell and sustained his injuries.

■■ We have carefully searched the record and find that it is barren of any facts showing that Corbetta was "in charge of" the work as required by the Structural Work Act. See Gannon v. Chicago, M., St. P. & P. Ry. Co., 22 Ill2d 305, 175 NE2d 785. The plaintiff admitted that this was a one-man job. He stated that he alone built the wooden structure as a platform for his materials and as a means of climbing to the area he was to work on. The naked charge that Corbetta was "in charge of the work" and that the scaffold

219

was inadequate without any facts to support it, is, in our opinion, a conclusion of the pleader which must be disregarded in considering the motion for summary judgment. See Supreme Court Rule 15 (Ill Rev Stats 1963, c 110, § 101.15), which provides that affidavits in support of or in opposition to a motion for summary judgment "shall not consist of conclusions, but of facts admissible in evidence." See International Harvester Co. v. Continental Cas. Co., 33 Ill App2d 467, 179 NE2d 833 and Wanous v. Balaco, 412 Ill 545, 107 NE2d 791.

The judgment of the Circuit Court granting the motion for summary judgment in favor of the defendant is therefore affirmed.

Judgment affirmed.

MURPHY and KLUCZYNSKI, JJ., concur.