GUSTAVE VAN DEKERKHOV, Plaintiff-Appellant, *v.* THE CITY OF HERRIN, Defendant-Appellee.

(No. 69-130;

Fifth District—February 11, 1971.

EBERSPACHER, P. J., dissenting.

Elmer Jenkins, of Benton, for appellant.

John E. Jacobsen of Craig & Craig, of Mt. Vernon, and Thomas W. Haney, of Herrin, for appellee.

Mr. JUSTICE MORAN delivered the opinion of the court:

Plaintiff filed suit under Chapter 48, Section 60-69, Illinois Revised Statutes 1967, commonly known as the Scaffold Act, and alleged that while he was employed as a foreman by John Vander, a general contractor, he was engaged in the demolition and removal of buildings owned by the defendant. Paragraph 2 of his complaint states:

"That on June 26, 1968, at approximately 1:15 o'clock p.m., defendant was the owner of a block of business buildings of various and different types of construction located within East Madison, Fourteenth, East Monroe and an alley between North Park and North 14th Streets; and was in the process of, had charge and control of, the demolition and removal of said buildings."

Defendant filed a motion to dismiss which the trial court sustained. Plaintiff elected to plead no further, and a judgment in bar of his action was rendered against him. Plaintiff appeals.

Defendant contends only that the plaintiff did not set up proper facts to show that defendant had charge and control of the work of demolishing the buildings; that the allegation in paragraph 2 of the complaint that the defendant "had charge and control of the demolition and removal of

said buildings" was a conclusion which was not admitted by the motion to dismiss.

■■■ A motion to dismiss admits of well pleaded facts in the complaint. Only ultimate facts need to be alleged in a complaint, and the rule that pleading of evidence is unnecessary should be adhered to. *O'Brian v. Matual*, 14 Ill.App.2d 173, 189.

In *Larson v. Commonwealth Edison Company*, 33 Ill.2d 316, 211 N.E.2d 247, the court passed on an instruction attempting to define "having charge of" by saying at 323:

"It is to be gathered from the opinion of the Appellate Court, and the arguments of Edison in this court, that justification for the instruction given in this case may be found in the need to provide jurors with a definition of the statutory words 'having charge of.' We do not believe such a need exists. It is well established that the meaning of words, used in their conventional sense, need not be defined or explained in giving instructions to the jury. (*Nowak v. Witt*, 14 Ill.App.2d 482; 34 I.L.P., Trial, sec. 176.) The term 'having charge of' is one of common usage and understanding, and it is our opinion that further attempt at definition can only lead to confusion and error."

■■ When plaintiff alleged that the defendant was the owner and was in the process of and had charge of and control of the demolition and removal of said buildings, he alleged an ultimate fact that needed no definition. The trial court erred in sustaining defendants' motion to dismiss.

We reverse this case and remand it to the Circuit Court of Williamson County for proceedings not inconsistent with this opinion.

Reversed and remanded.

JONES, J., concurs.

Mr. PRESIDING JUSTICE EBERSPACHER, dissenting:

We are here dealing with a direct attack by proper motion on a complaint seeking recovery under the Scaffold Act. (Ch. 48, par. 60—69, Ill. Rev'd. Stat. 1967.) Section 69 of the Act provides in substance that any owner having charge of the erection, construction or removal of a building shall comply with all the terms of the Act. The Supreme Court in the case of *Gannon v. Chicago, Milwaukee, St. Paul & Ry. Co.* (1961), 22 Ill.2d 305, 175 N.E.2d 785, held that before an owner could be held liable under the Scaffold Act that it must appear that he had charge of the construction operations involving the violation. The mere fact of ownership, the court said, was insufficient to impose liability. *That case involved trial and did not concern the sufficiency of pleadings. The Su-*

preme Court again had occasion to pass upon the matter of liability of an owner in *Larson v. Commonwealth Edison Company* (1965), 33 Ill.2d 316, 211 N.E.2d 247, and it again held, in a case in which the factual evidence had been heard, that in order for an owner to be liable under the Scaffold Act it must be established that he was in charge of the work. The court said at Page 251 of 211 N.E.2d:

"In the Gannon case (22 Ill.2d 305, 175 N.E.2d 785), where it was expressly noted that the owner involved had 'exercised no control over the manner in which the work was being done' (p. 307, 175 N.E.2d, p. 786), we held that an owner must have *some direct connection* with the operations, over and above mere ownership or the employment of an independent contractor, and indicated that the question whether the *particular connections and activities* in a given case were such that an owner could be deemed to have charge was a question of fact for the jury to determine." Emphasis supplied.

It is, therefore, clear from the language of the statute and the interpretation placed upon it by the Supreme Court that before an injured party can recover from an owner under the statute he must allege and prove facts sufficient to establish that the owner was in fact a person in charge of the work.

The italicized language is particularly noted; the Supreme Court has seen fit to mention "direct connections" and "particular connections and activities" of the owner.

Here the plaintiff by its allegation that defendant "had charge of and control" has simply paraphrased section 69 of the Act without stating the facts. It is obviously a conclusion of the pleader and the point has been directly raised before any facts are alleged or presented. This situation is to be distinguished from those cases, including both *Gannon* and *Larson, supra,* which were reviews after judgment based on evidence. Such distinction has been pointed out in *Richardson v. Eichhorn,* 18 Ill.App.2d 273, 151 N.E.2d 819, at 820 where the Court said:

"It may be observed that plaintiff has simply paraphrased the above statement of law in his complaint, as though he needs only to say that his case will meet the legal requirements, without stating the facts. This is a misinterpretation of the citations. The cases were not dealing with the formalities of pleading and could not have been, since they were reviews after judgment based on evidence. In that situation, the complaint may be sufficient even though it is indefinite and uncertain and the cause of action is stated defectively. 30 I.L.P., Pleading, § 239.

This is not the same situation. Here the complaint is directly attacked by the motion; the motion admits facts well pleaded, and conclusions may be proper if based on facts set forth, but the motion does

not admit conclusions or inferences by the pleader, such as conclusions of law or of fact unsupported by allegations of specific facts on which the conclusions must rest. 30 I.L.P., Pleading, § 188."

Plaintiff's allegations of detailed wilful failure of defendant to comply with the Act do not make the complaint good in the face of direct attack. The owner of property only has a duty under the Act if such owner is in fact in charge and control, and plaintiff's conclusion that the owner is in charge and control does not make the owner so; and an owner who is not, in fact, in charge and control, has no statutory duty to the employee of the general contractor. In order to properly state a cause of action, it is necessary to allege facts, not conclusions, from which the law will raise a duty. Such deficiency is not cured by liberal construction when the attack is made direct and only the trial court's ruling on the motion reviewed, as contrasted with the review of the adequacy of pleadings after factual evidence has been presented. As was said in *Fanning v. Lemay*, 38 Ill.2d 209, 230 N.E.2d 182 at 185:

"The basis for liability in tort is not the mere fact of injury but injury caused by fault, and a complaint which fails to allege facts, the existence of which is necessary to enable the plaintiff to recover, does not state a cause of action. Such deficiency cannot be remedied by liberal construction or by argument."

I do not find the holding of the Supreme Court in *Larson*, that the term "having charge of" may be used in an instruction without definition, persuasive in determining whether plaintiff has stated a good cause of action in law. Our Supreme Court has never passed on the pure pleading question under the Scaffold Act.

*Kaminski v. Missionary Sisters of the Sacred Heart* (1965), 62 Ill.App.2d 216, 210 N.E.2d 794, was a Scaffold Act case and the complaint was brought against the owners and operators of a hospital and the general contractor. It alleged that the contractor was "in charge of the work." The defendant moved for summary judgment and plaintiff filed an affidavit that Corbetta was "in charge of the work." The court says that it has searched the record and finds it barren of any facts showing that Corbetta was "in charge of the work" as required by the Structural Work Act. The Appellate Court affirmed the action of the trial court in granting defendant's motion for summary judgment, and on page 796 of the 210 N.E.2d report said:

"The naked charge that Corbetta was 'in charge of the work' and that the scaffold was inadequate without any facts to support it, is, in our opinion, a conclusion of the pleader which must be disregarded in considering the motion for summary judgment. See Supreme Court Rule 15 (Ill. Rev. Stat. 1963, ch. 110, § 101.15) which provides that

affidavits in support of or in opposition to a motion for summary judgment 'shall not consist of conclusions but of facts admissible in evidence.' See Int'l Harvester Co. v. Continental Cas. Co., 33 Ill.App.2d 467, 179 N.E.2d 833, and Wanous v. Balaco, 412 Ill. 545, 107 N.E.2d 791."

The holding in *O'Brian v. Matual*, 14 Ill.App.2d 173, upon which the majority relies, I do not find persuasive, and would point out that the rule there pronounced was with reference to equity pleading for a temporary injunction. The Court itself at page 189 made the distinction:

"The allegations, so far as material, of Count I are not inconsistent with the general principles of equity pleading in injunction cases * * *."

Here the complaint shows upon its face that one John Vander, who was not made a party, was a general contractor engaged in the demolition and the removal of the buildings, but there are no facts alleged whatever to support the conclusion that the defendant owner had charge of and was in control of the work.

Paragraph 3 of defendant's motion states that the complaint fails to allege facts sufficient in law to show that the defendant had charge of and was in control of the demolition and removal of the building and that that allegation was merely a conclusion of the pleader unsupported by any facts. The order of dismissal gave plaintiff an opportunity to file an Amended Complaint within 60 days but he chose not to do so and decided to stand on his complaint. He should have alleged facts in his initial complaint to support the conclusion that the defendant had charge of the work. If he had any such facts he could have amended his complaint to show them but he did not do so. The obligation is upon the plaintiff to prepare a legally sufficient complaint and he has failed in that regard. It is not sufficient in a negligence action merely to allege in the complaint that defendant was negligent. It is not sufficient in an action based on contract merely to allege that a defendant violated the contract. It is not sufficient in an action based upon fraud merely to say that the defendant was guilty of fraud. I would hold that it is not sufficient in a Structural Act case to allege merely that the defendant owner was in charge of the work.