(No. 44188.—

GUSTAVE VAN DEKERKHOV, Appellee, v. THE CITY OF HERRIN, Appellant.

*Opinion filed March 30, 1972.—Modified on denial of rehearing May 25, 1972.*

GOLDENHERSH, J., took no part.
DAVIS, J., dissenting.

ELMER JENKINS and JEFF TROUTT, of Benton, for appellant.

THOMAS W. HANEY, of Herrin, and JOHN E. JACOBSEN, of CRAIG & CRAIG, of Mt. Vernon, for appellee.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

The plaintiff, Gustave Van Dekerkhov, brought this action under the Structural Work Act (Ill.Rev.Stat. 1969, ch. 48, pars. 60—69) against the defendant, the City of Herrin. The circuit court of Williamson County granted the defendant's motion to dismiss the complaint for failure to state a cause of action, and also granted the plaintiff leave

to file an amended complaint within 60 days. The plaintiff, however, elected to stand on his complaint, and judgment was entered for the defendant. The Appellate Court, Fifth District, reversed and remanded, with one judge dissenting (130 Ill.App.2d 952), and we granted leave to appeal.

The complaint alleged that the defendant was the owner of a block of business buildings "and was in the process of, had charge and control of the demolition of said buildings." It also alleged that the plaintiff "was employed as a foreman and laborer by John Vander, a general contractor, engaged in the demolition and removal of said buildings;" that there were no scaffolds erected by the defendant as required by the statute, and that as a result of the defendant's wilful violation of the statute the plaintiff was injured.

The narrow issue is the sufficiency of the allegation that the defendant "had charge of" the work. That allegation is in the language of the statute, which imposes liability upon "[a] ny owner, contractor, sub-contractor or foreman or other person having charge of the *** removal *** of any building ***" who wilfully fails to comply with its provisions. Apart from the allegation that the defendant owned the buildings being demolished, the complaint states no facts from which it may be concluded that the defendant "had charge of" the demolition. Under the construction of the Act announced in *Kennerly v. Shell Oil Co. (1958), 13 Ill.2d 431,* the fact of ownership, standing alone, would have been sufficient, in most cases, to sustain liability. But that construction was overruled in *Gannon v. Chicago, Milwaukee, St. Paul and Pacific Ry. Co. (1961), 22 Ill.2d 305,* which held that unless an owner "has charge of" the work, he is not liable under the Act.

There are cases which discuss the sufficiency of the unsupported assertion "in charge of" in connection with a motion for summary judgment *(Kaminski v. Missionary Sisters of the Sacred Heart (1965), 62 Ill.App.2d 216),* and

in an instruction to the jury *(Larson v. Commonwealth Edison Co. (1965), 33 Ill.2d 316),* but so far as we are aware this is the first case involving the sufficiency of such a naked allegation in a complaint, when challenged by a motion to dismiss.

A complaint which sought to assert common-law tort liability for negligence, but alleged only that the defendant "negligently" performed the act in question, has been held to be subject to dismissal. (See *Richardson v. Eichhorn (1958), 18 Ill.App.2d 273.*) As has been pointed out, the line between "ultimate" facts and "conclusions of law" is not easily drawn. *(Herman v. Prudence Mutual Casualty Co. (1969), 41 Ill.2d 468, 475.)* The same allegation may in one context be deemed to be one of ultimate fact, while in another, "*** where from a pragmatic viewpoint some of these words do not give sufficient information to an opponent of the character of evidence to be introduced or of the issues to be tried, they are held to be legal conclusions. What is law, what are facts, and what is evidence, for pleading purposes, can be determined only by a careful consideration of the practical task of administering a particular litigation." McCaskill, Illinois Civil Practice Act Anno., p. 70 (1933).

The complaint in this case contains two allegations which, if they are not contradictory, certainly do not appear upon their face to be consistent. It is alleged: (1) that the plaintiff was employed as a "foreman and laborer" by the general contractor who was engaged in demolishing the buildings, and (2) that the defendant had charge of and was in the process of demolishing the same buildings. The situation described in the complaint is at best ambiguous, and the plaintiff, although afforded an opportunity to remove the ambiguity, refused to do so.

If there were circumstances, either resulting from the terms of the contract between the owner and the general contractor whom the owner had employed to demolish the buildings, or from the conduct of the parties under that

contract, which indicated that the owner had retained control, they should have been stated in an amended complaint. Numerous cases have described the kind of conduct or contractual terms which indicate that an owner has retained "charge." (See, *e.g. Larson v. Commonwealth Edison Co. (1965), 33 Ill.2d 316; Kobus v. Formfit Co. (1966), 35 Ill.2d 533.)* When the plaintiff, who was one of those upon whom the statutory duty was imposed, refused to take advantage of the opportunity afforded him to amend his complaint to show upon what he based his claim that the owner "had charge of" the work, the trial court was warranted in dismissing his complaint.

The judgment of the appellate court is therefore reversed and the judgment of the circuit court of Williamson County is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*

MR. JUSTICE GOLDENHERSH took no part in the consideration or decision of this case.

MR. JUSTICE DAVIS, dissenting:

As stated by the majority, the issue is the legal sufficiency of the allegation that the defendant "had charge of" the work. If these words constitute a statement of ultimate fact, they are legally sufficient; if they are conclusions of law, they are then legally insufficient.

We have observed that there are instances in which the line between statements of "evidentiary facts," "ultimate facts," and "conclusions of law or fact," is not easily drawn *(Herman v. Prudence Mutual Casualty Co., 41 Ill.2d 468, 475),* and we have long recognized that the plaintiff should plead "ultimate," as opposed to "evidentiary," facts in his complaint. *(Levinson v. Home Bank and Trust Co., 337 Ill. 241, 244.)* This distinction existed under common-law pleadings, and has been maintained under the interpretation of the Civil Practice Act. (See: *Zimmerman v. Willard, 114 Ill. 364, 370; O'Brien v. Matual, 14 Ill.App.2d 173, 188, 189;* Ill.Rev.Stat. 1969, ch. 110, par.

33.) If a complaint transgresses the ill-defined demarcation between an "ultimate fact" and a "conclusion of law" and is unsupported by other factual allegations, the penalty for the transgression is its dismissal on motion. *Pierce v. Carpentier, 20 Ill.2d 526, 531; Leitch v. Sanitary District of Chicago, 369 Ill. 469, 472, 473.*

A rule of law which recognizes that the sufficiency of a complaint depends upon the demarcation of its allegations into classifications within an undefined penumbral area, is both harsh and unworkable. A review of the works of authors on pleading, as well as numerous cases which conclude either that a certain allegation was a statement of ultimate fact or a conclusion of law or fact, is not of much assistance, except where the allegation occurs under similar circumstances. (See: *Foss v. People's Gas Light and Coke Co., 241 Ill. 238, 246.)* Except in the most unusual case, a court could, with certain logic, justify reaching either result.

The rule is even harsher when it is realized that a plaintiff is to allege "ultimate" as opposed to "evidentiary" facts, and yet a motion to dismiss is held not to admit "conclusions of fact" unsupported by allegations of specific facts upon which they are based. *(E.g., Gouker v. Winnebago County Board of Supervisors, 37 Ill.2d 473, 479; Pierce v. Carpentier, 20 Ill.2d 526, 531.)* Ultimate facts must of necessity, to some extent, represent conclusions drawn from evidentiary facts.

In the light of these circumstances, it would seem that in determining the sufficiency of a complaint the substantial objectives and the mandates of the Civil Practice Act should be observed. Substance should be exalted over form. The Act is to be "liberally construed, to the end that controversies may be speedily and finally determined according to the substantive rights of the parties," and the "rule that statutes in derogation of the common law must be strictly construed does not apply to this Act or to the rules made pursuant thereto." (Ill.Rev.Stat. 1969, ch. 110,

par. 4; *Fleshner v. Copeland, 13 Ill.2d 72, 76.*) Likewise, pleadings are to "be liberally construed with a view to doing substantial justice between the parties," and "No pleading is bad in substance which contains such information as reasonably informs the opposite party of the nature of the claim or defense which he is called upon to meet." Ill.Rev.Stat. 1969, ch. 110, pars. 33(3), 42(2).

In *Kita v. Y.M.C.A. of Metropolitan Chicago, 47 Ill.App.2d 409,* the court reviewed the common-law system of pleading, its reforms, the development of code pleading, and considered extensively the requisites to stating a cause of action under the Civil Practice Act. The opinion noted throughout its critical elucidation the evasive illusion which confronts the courts in distinguishing ultimate facts from conclusions of law or fact and decided that a complaint, by reasonably intelligent allegations, must be sufficient to advise the opposing party of the case which the plaintiff will seek to prove, and that a court, in determining whether the complaint is adequate to meet this test, must examine the complaint with the admonitions of liberal construction and reasonableness in mind.

The Civil Practice Act was not enacted to erect technicalities and niceties of pleading as a barrier to prevent the trial of a case on its merits, but rather to permit controversies to be determined upon real issues and according to substantial justice between the parties. The requisite of a complaint is that it contain only a plain and concise statement of the pleader's cause of action. (Ill. Rev.Stat. 1969, ch. 110, par. 33(1).) The test of its sufficiency is whether it informs the defendant of a valid claim under a general class of cases. *Fanning v. Lemay, 78 Ill.App.2d 166, 171, rev'd on other grounds, 38 Ill.2d 209.*

The majority refers to *Kaminski v. Missionary Sisters of The Sacred Heart, 62 Ill.App.2d 216,* which held that the allegations in the complaint that the defendant was "in charge of" the work, unsupported by any other factual

allegations, was a conclusion to be disregarded in considering a motion for summary judgment. I do not think that case is determinative of the issue before us. The court referred to the then Supreme Court Rule 15 (presently Supreme Court Rule 191, 50 Ill.2d R. 191) relating to the sufficiency of affidavits under a motion for summary judgment, which stated that such affidavits "shall not consist of conclusions, but of facts admissible in evidence." I would agree with the court in *Kaminski* that the statement that one was "in charge of" certain work is not an appropriate evidentiary fact, and that such statement in an affidavit would not support a summary judgment. I believe that *Kaminski* says no more than this.

In *Larson v. Commonwealth Edison Co., 33 Ill.2d 316,* also referred to by the majority, the principal question was whether the trial court erred in giving an instruction to the jury which stated that the plaintiff must establish that the defendant-owner had charge of the work "by retaining control and supervision of such work" being performed by a contractor. The court held that the restrictive language relating to control and supervision was not appropriate and remanded the cause for a new trial. At page 322, the court stated: "Thus, while the actual exercise of supervision and control over the work and the persons doing it, or the retention of the right to so supervise and control, may be factors bearing on the *ultimate factual question* of whether an owner is 'in charge,' they are not necessary or conclusive factors ***." (Emphasis added.) And, we concluded that the statutory words "having charge of" were of common usage and understanding and needed no further definition. The decision there was that the jury should be instructed that in order to recover, one of the ultimate facts which the plaintiff must establish by a preponderance of the evidence is that the owner "had charge of" the work.

Admittedly, we did not deal in *Larson* with the issue now before us. However, it would seem that the rationale

of *Larson,* to the extent precedent can here be of aid, would support a finding that the complaint was sufficient. In *Larson,* the court held that the words "having charge of" was a phrase describing a factual situation that did not need further factual definition for the jury's determination. When considered in that posture, it does not appear appropriate to now say that the statutory words "having charge of"—words of common usage and understanding which needed no further factual definition to a lay jury—do not constitute an allegation of ultimate fact for the purpose of testing the sufficiency of the complaint. I believe that the allegation that the defendant "had charge of" the work reasonably advised the defendant of the case which the plaintiff would seek to prove. Ill.Rev.Stat. 1969, ch. 110, pars. 33(3), 42(2).

The cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved under the pleadings which will entitle the plaintoff to recover. *Herman v. Prudence Mutual Casualty Co., 92 Ill.App.2d 222, aff'd in part, rev'd in part on other grounds, 41 Ill.2d 468.*

The majority indicates that there are or may be circumstances, either resulting from the terms of the contract between the owner and the general contractor, or from their conduct, which might indicate that the owner did have charge of the work, and states that these circumstances should have been set forth in an amended complaint.

However, in a case such as this, it seems highly plausible that the complete evidentiary facts might not become available or known to the plaintiff until after his lawsuit is filed. At the same time, many avenues of protection are open to the defendant to determine exactly what evidentiary facts must be met: a bill of particulars, discovery, admissions of fact and of genuineness of documents and answers to interrogatories. If it is determined that there are no evidentiary facts to support the

plaintiff's claim, the defendant can avoid the time and expense of trial through summary judgment procedures.

I agree with the appellate court that the allegations of the complaint contained sufficient ultimate facts to withstand the motion to dismiss and would affirm the judgment of that court.