DOROTHY M. DAVIS, Indiv. and as Parent and Natural Guardian of Thomas Hill, a Minor, *et al.*, Plaintiffs-Appellants, *v.* BILL THOMPSON *et al.*, Defendants-Appellees.

Fifth District   No. 79-127

Opinion filed December 18, 1979.—Rehearing denied January 22, 1980.

Hogan and Jochums, of Murphysboro, for appellants.

C. Robert Hall, of Carbondale, for appellees.

Mr. JUSTICE KASSERMAN delivered the opinion of the court:

Plaintiffs Thomas Hill and his mother, Dorothy M. Davis, appeal the dismissal of their complaint against Bill Thompson, individually and as principal of Dongola Unit School District 66 and the Board of Education of Dongola Unit School District 66, defendants. In their cause of action, plaintiffs sought damages arising out of Thomas Hill's allegedly improper suspension from school on two occasions, one for a period of three days and the other for an unspecified duration. Defendants moved for a dismissal of the complaint on the grounds that it failed to state a cause of action, or, in the alternative, that it did not contain a plain and concise statement of a cause of action.

Counts I and II are directed at Bill Thompson and concern Thompson's role as principal in suspending Hill. These counts are duplicative in nature and differ only insofar as Count I refers to a "several days grievous suspension" beginning on or about September 22, 1978, while count II refers to a "three-day grievous suspension" on or about mid-September, 1978. The theory of liability under each count is identical.

Paragraph 5 of each count alleges that a teacher sent Hill to the principal's office "not accusing Plaintiff Thomas Hill of any gross disobedience or misconduct." Plaintiffs further allege in paragraph 6 of each count that:

"Upon Plaintiff Thomas Hill's arrival at the Principal's Office, Defendant Principal of Dongola Unit School District 66, Bill Thompson * * * intending to subject Plaintiff Thomas Hill without due process to an arbitrary grievous deprivation of Thomas Hill's secured right described in paragraph 2 above, deliberately omitted to exercise, as, in the non-exigent circumstances then and there prevailing, was Defendant's official Chapter 122 duty as Principal of Dongola Unit School District 66, the discretion defendant Thompson had in determining suspension policy, Defendant failing and refusing to:

(a) First find out or find out and tell Plaintiff Thomas Hill the basis of the said teacher's accusation or complaint, if any, against said Plaintiff, and

(b) Afford said Plaintiff an opportunity to present his side

of the story which opportunity a fair minded school official, acting in good faith in the non-exigent circumstances then and there prevailing, would have afforded Plaintiff Thomas Hill * * *."

In paragraph 7 of the counts, plaintiffs allege that Hill's suspension was effected with "an intentionally wrongful deprivation of procedural notice and hearing process due."

By the words "Chapter 122 duty," plaintiffs are referring to section 10—22.6(b) of the School Code (Ill. Rev. Stat. 1977, ch. 122, par. 10—22.6(b)), which provides:

"[The School Board shall have the power] [t]o suspend or by regulation to authorize * * * the principal * * * to suspend pupils guilty of gross disobedience or misconduct and no action shall lie against them for such suspension. The board may by regulation authorize * * * the principal of any school to suspend pupils guilty of such acts for a period not to exceed 10 school days. Any such suspension shall be reported immediately to the parents or guardian of such pupil along with a full statement of the reasons for such suspension and a notice of their right to a review * * *."

Under plaintiffs' theory of the case, Thompson breached his "Chapter 122 duty" by failing to confront Hill with whatever charges were made against him and by failing to allow him a chance to respond to those charges prior to his suspension. Nowhere in section 10—22.6(b) is it stated that a principal, prior to suspending a student, is obligated to confront him with the disciplinary charges relating to the suspension and to allow him to respond. Nevertheless, plaintiffs cite *Goss v. Lopez* (1975), 419 U.S. 565, 42 L. Ed. 2d 725, 95 S. Ct. 729, as authority for reading this obligation into the section.

In *Goss*, several students were temporarily suspended from school for disciplinary reasons pursuant to an Ohio statute permitting a principal to suspend a student for up to 10 days for misconduct. No hearings were afforded the students prior to the suspensions or within a reasonable time thereafter. The court recognized that a suspension of a student, notwithstanding the fact that it may be for a short duration, results in the deprivation of a property interest in the educational benefits temporarily denied and of a liberty interest in the form of loss of reputation. Therefore, the court held that a suspension could not be effected arbitrarily but must be preceded by notice to the student of the charges confronting him and the chance for the student to respond. The court went on to say, however, that this notice and hearing rule may be dispensed with in situations where a student's presence poses a continuing danger to persons or property or an ongoing threat of disrupting the academic process.

Through their reliance on *Goss,* plaintiffs indirectly challenge the constitutionality of section 10—22.6(b) of the School Code which contains no provision for prior notice and hearing. However, in considering the propriety of the order of the trial court dismissing counts I and II, we need not rule on the constitutionality of the statute. These counts must fail because they do not allege any facts pertaining to Hill's suspensions and thereby lack the factual specificity necessary to state a cause of action. ■■ Section 33(1) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 33(1)) states:

> "All pleadings shall contain a plain and concise statement of the pleader's cause of action, counterclaim, defense, or reply. The common counts shall not be used."

In order for a party to recover on a cause of action, that party must allege facts which support the allegations of the cause of action. (*Kniznik v. Quick* (1970), 130 Ill. App. 2d 273, 264 N.E.2d 707.) It is not sufficient that the complaint allege a duty. The pleader must allege facts from which the duty arises. (*Altepeter v. Virgil State Bank* (1952), 345 Ill. App. 585, 104 N.E.2d 334.) Furthermore, the pleading of conclusions will not suffice for allegations of fact. *Skolnick v. Nudelman* (1966), 71 Ill. App. 2d 424, 218 N.E.2d 775.

■ Plaintiffs allege that Thompson breached his duty as set out in *Goss* to afford Hill notice and hearing prior to his suspension, yet they allege no facts which would give rise to this duty. Outside of the conclusory allegation that Hill was not accused of "gross disobedience or misconduct" prior to being suspended, counts I and II are devoid of any facts describing Hill's behavior which precipitated the suspensions. Further, plaintiffs do not allege any factual cause for their being unaware of acts which resulted in Hill's suspension, such as the failure of any school official subsequently to inform them of the disciplinary charges relating to such suspension as required by section 10—22.6(b) of the School Code. Because of the failure of plaintiffs to allege necessary facts in counts I and II, we are unable to say that the acts leading to the suspensions were not of the type mentioned in *Goss* which warranted immediate suspension without notice and hearing. Since these counts contain no factual allegations giving rise to a duty to afford notice and hearing, they cannot state a cause of action based upon a breach of that duty.

The allegations of count III essentially hold the school responsible for intentionally promulgating a suspension policy inherently violative of students' due process rights in general and Hill's in particular. Paragraph 7 of count III provides in part:

> "Defendant Principal of Dongola Unit School District 66's intentionally arbitrary non-exigent circumstances failure and refusal to exercise discretion in determining as the District's employee or

agent, suspension policy was in execution of Dongola Unit School District 66 policy or custom of suspending students without notice or hearing process due and which custom was a materially contributing moving force of the constitutional rights violation hereinabove alleged * * *."

Plaintiffs again fail to allege any facts in support of their theory of liability and substitute instead mere conclusory allegations. Therefore, count III fails to state a cause of action because it does not contain the factual specificity necessary to state a cause of action.

For the foregoing reasons, the judgment of the circuit court of Union County is affirmed.

Affirmed.

JONES, P. J., and KARNS, J., concur.