TRU-LINK FENCE COMPANY, INC., Plaintiff-Appellant, *v.* THE REUBEN H. DONNELLEY CORPORATION *et al.*, Defendants-Appellees.

First District (1st Division)    No. 81-559

Opinion filed February 22, 1982.—Supplemental opinion filed on denial of rehearing March 29, 1982.

Anesi, Ozmon, Lewin & Associates, Ltd., and Collens, Wright, Samuels & Kennedy, both of Chicago (Nat P. Ozmon, Rick A. Gleason, and Karla Wright, of counsel), for appellant.

Joel A. Haber, Alvin D. Meyers, and Steven J. Teplinsky, all of Chicago (Chatz, Berman, Maragos, Haber & Fagel, of counsel), for appellee Reuben H. Donnelley Corporation.

L. Bow Pritchett, Patrick J. Kilroy, Jr., and Robert Guritz, all of Chicago, for appellee Illinois Bell Telephone Company.

JUSTICE GOLDBERG delivered the opinion of the court:

Tru-Link Fence Company, Inc. (plaintiff), originally brought this action for injunctive relief against The Reuben H. Donnelley Corporation (Donnelley) and Illinois Bell Telephone Company (Bell). Plaintiff's third amended complaint sought injunctive and additional relief from both defendants and one Stanton Ascher, doing business as Wood and Link Fence Company. Ascher was not served with process. Upon motion of Donnelley and Bell, the trial court dismissed plaintiff's third amended complaint for failure to state a cause of action. Plaintiff appeals.

Some background information is necessary. Donnelley is a publisher of telephone classified directories commonly known as the yellow pages. Donnelley publishes a separate yellow page directory for the suburban communities of the greater Chicago area and names each of these directories for the municipality it serves, e.g., "Winnetka Telephone Directory."

In 1976, Donnelley promulgated a new regulation concerning the advertising content of its suburban directories. The regulation states in effect that if an advertiser uses in its business title the name of the

suburban municipality served by a suburban directory and the advertiser does not have a business address within that municipality, the advertiser must list its primary street and city address. This regulation is referred to as the "community name standard."

Count I of plaintiff's third amended complaint alleges defendant Donnelley, by virtue of an "exclusive contract" with Bell, enjoyed a monopoly to publish the yellow pages in the suburban directories. Donnelley had promulgated the community name standard. Bell expressly or impliedly approved these regulations. Bell and Donnelley were under a duty to insure these regulations did not place an unreasonable restraint on trade or commerce particularly in light of Donnelley's "suburban monopoly." Plaintiff further alleged a large number of plaintiff's potential suburban customers believe a business is not able to serve them adequately if its principal place of business is in Chicago. Plaintiff alleged from 1955 to 1976, Donnelley did not require plaintiff or "most" of its other advertisers to comply with the regulation pertaining to the community name standard. In 1976, Donnelley and Bell entered into a "contract, combination or conspiracy" by agreeing to have Donnelley enforce its regulation as to plaintiff but not against "most" other advertisers. Count I concluded this conduct placed an unreasonable restraint on trade or commerce and was wilful and malicious, causing damage to plaintiff for which there was no adequate remedy at law. Plaintiff therefore prayed for injunctive relief against the enforcement of the regulation pursuant to the Illinois Antitrust Act (Ill. Rev. Stat. 1979, ch. 38, par. 60—3(2)).

Count II of the third amended complaint, also against Donnelley and Bell, realleged portions of count I. Plaintiff further alleged Donnelley and Bell were under a duty to insure the advertising regulations did not intentionally interfere with plaintiff's business prospects, particularly in light of the "suburban monopoly." Plaintiff alleged Donnelley and Bell breached this duty by enforcing the address requirement against plaintiff and not against "most" other advertisers. This breach forced plaintiff to comply with the regulation and thereby caused plaintiff to lose large numbers of potential customers. Plaintiff prayed for injunctional and compensatory relief including punitive damages.

Count III realleged portions of count I and alleged defendant Stanton Ascher, doing business as Wood and Link Fence Company, induced Donnelley to interfere intentionally with plaintiff's business prospects by enforcing the community name standard as to plaintiff but not as to "most" other advertisers in order to reduce competition. Plaintiff again prayed for injunctive and compensatory relief in tort.

Count IV sought a declaratory judgment (Ill. Rev. Stat. 1979, ch. 110,

par. 57.1) that the community name standard was unreasonable on its face and in its application and contrary to the "public policy" of the State of Illinois.

On January 21, 1981, the trial court dismissed the third amended complaint with prejudice for failure to state a cause of action against the defendants. On February 19, 1981, plaintiff requested the trial court to vacate the dismissal and grant leave to file a fourth amended complaint. On February 20, 1981, plaintiff filed its notice of appeal from the final order of January 21, 1981. On April 9, 1981, the trial court denied plaintiff's request to vacate the dismissal order of January 21, 1981.

In this court, plaintiff contends the trial court erred in dismissing its third amended complaint. Plaintiff argues the third amended complaint properly alleged a cause of action against both defendants.

"On motion to dismiss we accept as true all well-pleaded facts." (*Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320, 329, 371 N.E.2d 634.) We do not, however, accept as true "conclusions of law or conclusions of fact unsupported by allegations of specific facts upon which such conclusions rest." (*Hassett Storage Warehouse, Inc. v. Board of Election Commissioners* (1979), 69 Ill. App. 3d 972, 980, 387 N.E.2d 785.) In *People ex rel. Fahner v. Carriage Way West, Inc.* (1981), 88 Ill. 2d 300, 308, the supreme court stated:

> "Illinois is a fact-pleading State. This means that although pleadings are to be liberally construed and formal or technical allegations are not necessary, a complaint must, nevertheless, contain facts to state a cause of action. (Ill. Rev. Stat. 1975, ch. 110, par. 31.) Which facts? The complaint is deficient when it fails to allege the facts necessary for the plaintiff to recover. (*Fanning v. LeMay* (1967), 38 Ill. 2d 209, 212.) 'But it is a rule of pleading long established, that a pleader is not required to set out his evidence. To the contrary, only the ultimate facts to be proved should be alleged and not the evidentiary facts tending to prove such ultimate facts.' *Board of Education v. Kankakee Federation of Teachers Local No. 886* (1970), 46 Ill. 2d 439, 446-47.

To pass muster a complaint must state a cause of action in two ways. First, it must be legally sufficient; it must set forth a legally recognized claim as its avenue of recovery. When it fails to do this, there is no recourse at law for the injury alleged, and the complaint must be dismissed. (See, *e.g., Ritchey v. Maksin* (1978), 71 Ill. 2d 470, 475; *Pierce v. Carpentier* (1960), 20 Ill. 2d 526, 530-31.) Second and unlike Federal practice, the complaint must be factually sufficient; it must plead facts which bring the claim within the legally recognized cause of action alleged. If it does not, the complaint

must be dismissed. See, *e.g., Van Dekerkhov v. City of Herrin* (1972), 51 Ill. 2d 374, 376-77."

Furthermore, the complaint should not merely paraphrase the law "as though [the pleader] needs only to say that his case will meet legal requirements, without stating the facts." *Richardson v. Eichhorn* (1958), 18 Ill. App. 2d 273, 276, 151 N.E.2d 819.

In our opinion, the trial court properly concluded count I failed to state a cause of action. While this court is mindful of the difficulty in distinguishing between "ultimate" facts and "conclusions of law" (see *Van Dekerkhov v. City of Herrin* (1972), 51 Ill. 2d 374, 376, 282 N.E.2d 723), we are nevertheless constrained to find this count to be legally insufficient.

First, it must be noted plaintiff has based its cause of action entirely upon various legal conclusions it sets forth as factual allegations. Plaintiff concludes, without stating pertinent facts, that Donnelley had an "exclusive" contract with Bell which has resulted in a "suburban monopoly." Plaintiff then proceeds to establish a duty upon the defendants with respect to the advertising regulations "particularly in light of Donnelley's suburban monopoly * * *." Clearly, plaintiff has attempted to base its allegations solely upon a set of conclusions without factual support.

Section 3(2) of the Illinois Antitrust Act (Ill. Rev. Stat. 1979, ch. 38, par. 60—3(2)), upon which plaintiff has based count I of its third amended complaint, states:

"Every person shall be deemed to have committed a violation of this Act who shall:

* * *

By contract, combination, or conspiracy with one or more persons unreasonably restrain trade or commerce; * * *."

Plaintiff alleges Donnelley and Bell "entered into a contract, combination or conspiracy" to enforce the community name standard as to plaintiff but not as to "most" other advertisers. This conduct, alleges plaintiff, placed "an unreasonable restraint on trade or commerce." Plaintiff has not, however, alleged any facts to support these conclusions. There are no facts stated as to the alleged conspiracy and no facts as to how it operated. Our courts have held a plaintiff cannot merely repeat or paraphrase the language of a statute without stating the necessary supporting facts. See *Van Dekerkhov v. City of Herrin* (1972), 51 Ill. 2d 374, 375-76; *Richardson v. Eichhorn* (1958), 18 Ill. App. 2d 273, 276.

We also find plaintiff's unsupported conclusion that "most" other advertisers were not forced to comply with the regulation to be insufficient under the holding in *Coffey v. MacKay* (1972), 2 Ill. App. 3d 802, 277 N.E.2d 748. In *Coffey*, the court found the plaintiff had failed to state a

cause of action under section 60—3(2) of the Antitrust Act "where the only allegation is a bare refusal to deal with the plaintiff while dealing with a competitor of the plaintiff." (2 Ill. App. 3d 802, 810.) In the instant case, plaintiff has not alleged the defendants acted in favor of his competitors, but makes only charges that "most other advertisers" were favored. There are no specific factual allegations as to who was favored and how this favoritism constituted a restraining of trade. By analogy to *Coffey*, we find this aspect of the count further supports the decision to dismiss count I of the third amended complaint.

■■ This aspect of the complaint differentiates this case from *People ex rel. Fahner v. Carriage Way West, Inc.* (1981), 88 Ill. 2d 300, where the supreme court found the complaint at issue both legally and factually sufficient. The court noted the allegation the defendants engaged in a conspiracy to fix prices was legally sufficient, as such an act was a *per se* violation of the Illinois Antitrust Act (Ill. Rev. Stat. 1975, ch. 38, par. 60—3(1)(a)). The supreme court found the complaint to be factually sufficient as it alleged the necessary ultimate facts that the defendants, who would otherwise be competitors, had agreed to fix prices. (88 Ill. 2d 300, 308.) In the instant case, plaintiff only alleged the defendants acted unreasonably to restrain trade, without setting forth the ultimate facts which could establish such a restraint. We must therefore conclude count I was properly dismissed.

■■ Plaintiff contends the trial court failed properly to apply the "rule of reason" as set forth in *Board of Trade v. United States* (1918), 246 U.S. 231, 62 L. Ed. 683, 38 S. Ct. 242. Plaintiff cites many cases in support of this proposition. This argument, however, fails to understand the actions of the trial court as well as the scope of this court's review. The decision to dismiss count I of the complaint was based on the failure to state a cause of action, and was not based on the merits of the case. Similarly, our review is limited to the issue of whether a cause of action was set forth in the complaint. The merits of the case are not before us. See *People ex rel. Council 19, American Federation of State, County and Municipal Employees v. Egan* (1977), 52 Ill. App. 3d 1042, 1045, 368 N.E.2d 481, *appeal denied* (1978), 67 Ill. 2d 595.

Count II of plaintiff's third amended complaint alleges Donnelley and Bell intentionally interfered with plaintiff's business prospects. Plaintiff alleged both defendants were under a duty not to interfere with plaintiff's business prospects, "particularly in light of Donnelley's suburban monopoly." Plaintiff alleged Donnelley breached this duty by forcing plaintiff to comply with the community name standard, and Bell breached this duty by either conspiring with Donnelley or ratifying this action.

Plaintiff contends this count should not have been dismissed for

failure to state a cause of action. We do not agree. In order to state a cause of action for intentional interference with business prospects, the plaintiff must allege (*Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.* (1973), 16 Ill. App. 3d 709, 713-14, 306 N.E.2d 549, *rev'd in part on other grounds* (1975), 61 Ill. 2d 129, 334 N.E.2d 160):

> " * * * the plaintiff's reasonable expectancy of entering into a valid business relationship; the defendant's knowledge of this expectancy; an intentional interference by the defendant which prevents the expectancy from ripening into a valid business relationship; and damage to the plaintiff from such interference."

Plaintiff's complaint does not allege the defendants had knowledge of any business expectancy of plaintiff or that there was an intentional action by the defendants to interfere with this expectancy. Rather, plaintiff alleges the defendants had a duty not to interfere with these business prospects and this duty was breached. In *Davis v. Thompson* (1979), 79 Ill. App. 3d 613, 616, 399 N.E.2d 195, this court stated:

> "It is not sufficient that the complaint allege a duty. The pleader must allege facts from which the duty arises. [Citation.] Furthermore, the pleading of conclusions will not suffice for allegations of fact."

Plaintiff pleaded no facts which support these allegations of duty, but again attempts to buttress the allegation with reference to the "suburban monopoly" enjoyed by Donnelley. Such conclusory allegations without the requisite factual support cannot establish a cause of action.

■■ We also note plaintiff failed to allege either a reasonable expectancy of entering into a business relationship or that the defendants purposely interfered with any of these prospective relationships. In *Crinkley v. Dow Jones & Co.* (1978), 67 Ill. App. 3d 869, 880, 385 N.E.2d 714, *appeal denied* (1979), 75 Ill. 2d 590, this court reiterated this cause of action is actually a "purposely" caused tort, and a plaintiff must set forth facts which suggest the defendants had as their purpose the interference complained of. Without such allegations, the cause of action should be dismissed as "no set of facts could be proved under the pleadings which would entitle [plaintiff] to relief." (*Parkway Bank & Trust Co. v. City of Darien* (1976), 43 Ill. App. 3d 400, 404, 357 N.E.2d 211.) This rationale also supports the finding that plaintiff has failed to state a cause of action.

The above principles apply to the dismissal of count III of the amended complaint as well. In count III, plaintiff alleged Donnelley breached its "duty" not to interfere with plaintiff's business prospects upon inducement by Stanton Ascher, doing business as Wood and Link Fence Company. Again, plaintiff alleges no facts in support of this "duty" outside of the conclusory allegations of Donnelley's "suburban monopoly." Plaintiff also fails to allege any purposeful act on the part of

Donnelley. We must therefore conclude the trial court was correct in finding this count also failed to state a cause of action. See *Parkway Bank & Trust Co. v. City of Darien* (1976), 43 Ill. App. 3d 400, 403-04.

In its brief, plaintiff again attempts to establish the counts were improperly dismissed by arguing the merits of its case. As noted above, this belies the scope of review of both this court and the trial court. A complaint must state a cause of action before the merits of the cause are determined. (See *Egan*, 52 Ill. App. 3d 1042, 1045.) As counts II and III of the amended complaint fail to state a cause of action, the merits are not before us.

In count IV of its third amended complaint, plaintiff seeks a declaratory judgment that the community name standard is against the "public policy" of the State of Illinois on its face and in its application. This count was also dismissed for failure to state a cause of action.

■■ In our opinion, this dismissal was proper. As in previous counts, plaintiff attempts to support the alleged "public policy" of the State with conclusions rather than specific facts. Plaintiff again points to the "suburban monopoly" allegedly enjoyed by Donnelley in arguing the "public policy" of the State requires reasonable regulations controlling the content of advertisements. Plaintiff then proceeds to state the basis for this argument solely in terms of conclusory allegations without detailing any facts upon which the claim is based. For example, plaintiff refers to the failure of the regulation "to protect the legitimate interests of the consumer." Plaintiff states the regulation "is contrary to the realities of modern trade and commerce in the Chicago metropolitan area." Such allegations are conclusory and without factual basis, and therefore render the count both legally and factually insufficient. See *Ritchey v. Maksin* (1978), 71 Ill. 2d 470, 474-75, 376 N.E.2d 991; *Van Dekerkhov v. City of Herrin* (1972), 51 Ill. 2d 374, 376-77.

In its brief, plaintiff again argues the merits of the case in support of count IV. We can only repeat the merits of the count are not before this court as the complaint has failed to state a cause of action. See *Egan*, 52 Ill. App. 3d 1042, 1045.

■■ Plaintiff contends in the event this court finds the third amended complaint failed to state a cause of action, plaintiff should be granted leave to file a fourth amended complaint. We disagree. The record shows the third amended complaint was dismissed with prejudice on January 21, 1981. Plaintiff filed a motion to vacate the dismissal on February 19, 1981. On the very next day, however, plaintiff filed its notice of appeal from the January 21, 1981, order. The filing of the notice of appeal without obtaining a decision on the pending motion to vacate the judgment constituted an abandonment of the motion to vacate the judgment. (See *Richey Manufacturing Co. v. Mercantile National Bank* (1976), 40 Ill.

App. 3d 923, 925-26, 353 N.E.2d 123, *appeal denied* (1976), 64 Ill. 2d 598.) This argument is therefore rejected.

For these reasons, the judgment appealed from is affirmed.

Judgment affirmed.

McGLOON and O'CONNOR, JJ., concur.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

JUSTICE GOLDBERG delivered the opinion of the court:

In our analysis of count I of plaintiff's third amended complaint, we found the count failed to state a cause of action under section 3(2) of the Illinois Antitrust Act (Ill. Rev. Stat. 1979, ch. 38, par. 60—3(2)). We attributed the inadequacy of this count to the failure of the plaintiff to plead the necessary facts as to how the alleged combination or conspiracy operated. In its petition for rehearing, plaintiff has strenuously urged this court applied the wrong analysis in affirming the dismissal of count I.

■■ We believe our decision is supported by the recent opinion of the supreme court in *People ex rel. Scott v. College Hills Corp.* (Nos. 54668, 54679, 54689, 54690, filed March 16, 1982), ___ Ill. 2d ___, ___ N.E.2d ___. One issue before the court in that case was the sufficiency of the plaintiff's complaint charging the defendants with unreasonable restraint of trade in violation of section 3(2) of the Illinois Antitrust Act (Ill. Rev. Stat. 1977, ch. 38, par. 60—3(2)). In its analysis of this count, the supreme court specifically noted the plaintiff alleged four distinct elements which together properly stated a cause of action under the statute. The court first noted the complaint alleged the existence of an illegal conspiracy. Second, the court pointed out the plaintiff specifically described the ways in which the conspiracy allegedly manifested itself. Third, the court noted the complaint described "in detail" what the defendants did in further-ance of the alleged conspiracy. Finally, the supreme court quoted directly from the complaint the four-pronged paragraph detailing the anticom-petitive effects allegedly resulting from the conspiracy. The court con-cluded a cause of action was properly pleaded, stating "[t]he essential elements of the purported conspiracy and its anticompetitive effects under section 3(2) of the Illinois Antitrust Act are sufficiently alleged." *People ex rel. Scott v. College Hills Corp.* (1982), ___ Ill. 2d ___, ___, ___ N.E.2d ___.

■■ Although pleadings are to be liberally construed, they must still be "construed strictly against the pleader." (*Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 421, 430 N.E.2d 976.) The requirement of liberal

754

construction does "not remedy the failure of a complaint to state a cause of action." (88 Ill. 2d 407, 427.) In the instant case, plaintiff Tru-Link did allege the existence of an illegal "contract, combination or conspiracy" between the defendants in violation of section (2) of the Illinois Antitrust Act. Plaintiff also pleaded the actions allegedly taken in furtherance of the conspiracy. The complaint before us does not, however, state any ultimate facts as to how this alleged conspiracy manifested itself with respect to the marketplace or what ultimate anticompetitive effects of the alleged conspiracy were realized. Plaintiff alleges only a pure conclusion that the conduct of the defendants "placed, and continues to place an unreasonable restraint on trade or commerce" and has caused plaintiff to lose potential customers. We believe these conclusory statements do not constitute a factual statement as to how the conspiracy operated to the detriment of the plaintiff and the marketplace.

We adhere to our decision affirming the dismissal of count I of plaintiff's third amended complaint. Plaintiff's petition for rehearing is denied.

Petition for rehearing denied.

McGLOON and O'CONNOR, JJ., concur.