WILLIAM J. BORGSMILLER *et al.*, Indiv. and Derivatively as Shareholders of the City National Bank of Murphysboro, Plaintiffs-Appellants, v. RAYMOND C. BURROUGHS *et al.*, Defendants-Appellees.

Fifth District   No. 5—88—0229

Opinion filed August 9, 1989.

Kathleen Moran, of Callahan & Moran, P.C., of Trenton, and Charles Hines, of Carbondale, for appellants.

John C. Feirich, of Feirich, Schoen, Mager, Green & Associates, of Carbondale, and James V. O'Brien and Raymond W. Gruender, both of Lewis & Rice, of St. Louis, Missouri, for appellees.

PRESIDING JUSTICE WELCH delivered the opinion of the court:

Plaintiffs, William J. Borgsmiller and Harold W. Koehn, individu-

ally and derivatively as shareholders of the City National Bank of Murphysboro, appeal the dismissal of their third amended complaint against defendants, Raymond C. Burroughs, Ben W. Daniel, Norman R. Ellis, City Bancorp, Inc. (hereinafter Bancorp), and City National Bank of Murphysboro (hereinafter Bank). The third amended complaint, which was filed in the circuit court of Jackson County on May 14, 1986, alleges that defendant Burroughs, who was president and director of Bank, and defendants Daniel and Ellis, who were directors of Bank, violated their fiduciary duties to said Bank in several respects.

Count I of plaintiffs' complaint alleges that defendants violated their fiduciary duties by incorporating a bank holding company, Bancorp, transferring their shares in Bank to Bancorp, and then making a tender offer to purchase a controlling percentage of stock in Bank. Plaintiffs allege that this violated defendants' fiduciary duties to Bank in the following respects: (1) defendants did not reveal their intention to attempt a take-over of Bank to Bank's board of directors, thereby violating their duty to conduct the business of Bank at all times for the best interest of all shareholders equally; (2) defendants did not give shareholders of Bank an opportunity to transfer their shares of Bank stock to Bancorp on the same basis as had defendants, thereby violating their duty to represent all shareholders equally; (3) defendants did not reveal their intention to attempt a take-over of Bank to Bank's board of directors so as to allow Bank to solicit a better tender offer or sale with a disinterested third party; (4) the tender offer letter is false and misleading in certain respects, thereby violating defendants' fiduciary duties to Bank's shareholders to protect their interests.

Count II of plaintiffs' complaint alleges that the formation of, and transfer of defendants' Bank stock to, Bancorp creates an inherent and actual conflict of interest for defendants, who are directors of both Bancorp and Bank, thereby breaching defendants' fiduciary duties to Bank. The conflict of interest arises, allege plaintiffs, because Bancorp has the power to acquire, and in fact has acquired, assets of other banks which are in competition with Bank, thereby dividing defendants' loyalties between these competing banks and creating the possibility that defendants might direct business away from Bank and toward a competing bank controlled by Bancorp.

Count III alleges that defendants have misappropriated corporate assets of Bank by using its staff, facilities, employees and premises for their personal benefit and gain, and the benefit and gain of Bancorp, without paying consideration therefore. Count III alleges that

4

defendants have thereby violated their fiduciary duties to Bank and have acted contrary to the statutes of the State of Illinois.

The complaint further alleges that all demands and requests by plaintiffs for defendants to eliminate their breaches of fiduciary duties have been to no avail, and that any further demand by plaintiffs that Bank institute a lawsuit against defendants would be to no avail as defendants or Bancorp own or control a majority of Bank's stock. The complaint alleges that as a result of defendants' breaches of their fiduciary duties, the common stock of Bank has decreased in market value as the only purchaser of the stock is Bancorp at a depressed price. The complaint prays that the agreement between Bancorp and defendants Burroughs, Daniel and Ellis whereby the individual defendants transferred their Bank stock to Bancorp be declared null and void, that the tender offer be declared null and void and Bancorp be ordered to divest itself of any interest it has in Bank stock pursuant to the tender offer, that in the alternative, all shareholders of Bank stock be given the opportunity to transfer their Bank stock to Bancorp on the same terms as had defendants, that in the alternative, Bancorp be ordered to pay a fair and reasonable price for Bank stock, that defendants be enjoined from entering into any contract with Bank, that damages be awarded Bank and that plaintiffs Borgsmiller and Koehn recover their reasonable attorney fees and costs.

On June 16, 1986, defendants filed a motion to dismiss the third amended complaint and a supporting memorandum. The motion was granted on April 4, 1988, and plaintiffs' third amended complaint was dismissed. Plaintiffs elected to stand on the third amended complaint and filed a notice of appeal on April 26, 1988.

■ Upon review of dismissal of a complaint for failure to state a cause of action, the allegations thereof must be taken as true, and appeal from the dismissal preserves for review only the question of law as to the complaint's legal sufficiency. (*Teter v. Clemens* (1985), 131 Ill. App. 3d 434, 436, 475 N.E.2d 1063, 1065, *modified* (1986), 112 Ill. 2d 252, 492 N.E.2d 1340.) To state a cause of action, a complaint must be legally sufficient, *i.e.*, it must set forth a legally recognized claim as its avenue of recovery, and it must be factually sufficient, *i.e.*, it must plead facts which bring the claim within the legally recognized cause of action alleged. *Teter*, 131 Ill. App. 3d at 438-39, 475 N.E.2d at 1067.

Count I of plaintiffs' complaint seeks to state a cause of action for breach of fiduciary duty as a result of defendants' attempt to purchase, through their bank holding company, a controlling amount of stock in Bank. In their brief, plaintiffs argue that the Bank's direc-

tors, including defendants, had a duty to oppose any take-over attempt which was not in the best interest of Bank. Because defendant directors were orchestrating the take-over attempt, they were not in a position to impartially evaluate or oppose it. Further, they argue that the tender offer letter was misleading in that it did not inform the shareholders that defendant directors had transferred their Bank stock to Bancorp. The letter states:

> "On or about March 12, 1982, Bancorp entered into an agreement with certain Shareholders of the Bank (the Agreement) wherein shareholders owning approximately twelve percent (12%) of the outstanding shares of the Bank have agreed to transfer their shares to Bancorp. Raymond C. Burroughs is President and a director of Bancorp and Ben W. Daniel and Norman R. Ellis are also officers and directors of Bancorp."

Plaintiffs also argue that the letter was fraudulent in that it does not reveal that neither the $20 par value nor the $281.78 book value of their stock, for which they were offered $300, is the fair market value of the stock. Plaintiffs argue that, by failing to reveal the tender offer to the Bank's board of directors prior to the time the tender offer was made to all shareholders, the defendants prevented the Bank's board from opposing the tender offer or clarifying the misleading information in the tender offer letter.

■ It is undisputed that the individuals who control corporations owe a fiduciary duty to their corporation and its shareholders. (*Graham v. Mimms* (1982), 111 Ill. App. 3d 751, 760-61, 444 N.E.2d 549, 556.) However, plaintiffs present no Illinois cases, nor are we otherwise aware of any, which hold that a corporate director may not make a tender offer for stock of the corporation of which he is a director. Instead, Illinois courts have repeatedly held that, absent abuse of inside information or usurpation of corporate opportunity, a corporate director is permitted to purchase stock of the corporation with which he is affiliated as freely and on the same terms as if he were a stranger to the corporation. (*Melish v. Vogel* (1975), 35 Ill. App. 3d 125, 135, 343 N.E.2d 17, 25; *Voss v. Lakefront Realty Corp.* (1977), 48 Ill. App. 3d 56, 66, 365 N.E.2d 347, 355.) Plaintiffs do not allege that defendants abused inside information or usurped a corporate opportunity in their tender offer. No fiduciary duty constrains a corporate director from purchasing his corporation's stock either directly or through a holding company.

We are also unaware of any Illinois case which requires that a director give prior notice to the corporation of which he is a director that he is undertaking to purchase a controlling amount of its stock.

Instead, the defendant directors were free to make a tender offer to purchase Bank stock just as any stranger to the Bank would have been. *Voss*, 48 Ill. App. 3d at 66, 365 N.E.2d at 355.

Plaintiffs also argue that the tender offer letter was false and misleading in several respects, thereby breaching defendants' fiduciary duties to shareholders of Bank. The tender offer letter is from Bancorp and is signed by Raymond C. Burroughs as president of City Bancorp, Inc. Defendants were free to purchase shares of Bank's stock in the same manner as would have been a stranger to the Bank. (*Voss*, 48 Ill. App. 3d at 66, 365 N.E.2d at 355.) Plaintiffs do not allege that defendants failed to disclose some secret inside information known to them by virtue of their position as Bank directors but not known to the Bank's shareholders.

Nor do we find anything misleading or fraudulent about the tender offer letter. The letter clearly states that defendants Burroughs, Daniel and Ellis are officers and directors of Bancorp. It sets forth the par value and book value of Bank stock, but does not indicate that either of these values represents the fair market value of the stock. Again, plaintiffs have not alleged that defendants failed to disclose some inside, material information to Bank's stockholders. We find no breach of fiduciary duty.

We find count I of plaintiffs' complaint to be legally insufficient in that it fails to set forth a legally recognized claim as its avenue of recovery. Count I of plaintiffs' complaint was properly dismissed.

Count II of plaintiff's complaint seeks to state a cause of action for breach of fiduciary duty by virtue of an inherent conflict of interest in defendants' positions as directors of both the Bank and the bank holding company. Plaintiffs argue that it might be in the best interest of Bancorp to direct business away from the Bank to a different bank held by Bancorp, but this would not be in the best interest of the Bank.

While dual memberships on boards of directors of competing or potentially competing businesses may create a conflict of interest thereby breaching fiduciary duty (*Kerrigan v. Unity Savings Association* (1974), 58 Ill. 2d 20, 30-31, 317 N.E.2d 39, 44), we do not think that the Bank and the bank holding company are competing or potentially competing businesses. Bancorp and the Bank are not competing for business. The interests of Bancorp and the Bank do not conflict. Instead, we think the interests of the two corporations coincide. Plaintiffs' complaint does not allege that defendants have actually diverted business away from the Bank in order to benefit themselves, but only that defendants might divert business away from the Bank

to some other bank owned by Bancorp. This is not sufficient to state a cause of action for breach of fiduciary duty. Count II is factually insufficient in that it fails to plead facts which bring the claim within the legally recognized cause of action alleged. Count II was properly dismissed.

Count III seeks to state a cause of action for misappropriation of corporate assets. The complaint alleges that defendants used the "staff, facilities, employees and premises of the City National Bank of Murphysboro for their personal benefit and gain and for the personal benefit and gain of defendant, City Bancorp, Inc., without paying any consideration therefore in violation of their fiduciary duty." The complaint sets forth no other facts to show how defendants misappropriated corporate assets.

█ █ It is well settled that a corporation's fiduciary is not permitted to use corporate assets for his own personal gain (*Graham v. Mimms* (1982), 111 Ill. App. 3d 751, 761-62, 444 N.E.2d 549, 556) and misappropriation of corporate assets is a legally recognized cause of action. While count III of plaintiffs' complaint does not set forth specific facts regarding the manner in which defendants used the bank's staff, facilities, employees and premises for their own purposes, we think it does present sufficient facts to withstand a motion to dismiss. A pleader is not required to set out his evidence, but need only plead the ultimate facts to be proved. (*People ex rel. Fahner v. Carriage Way West, Inc.* (1981), 88 Ill. 2d 300, 308, 430 N.E.2d 1005, 1009.) Plaintiff has done so with respect to count III.

Defendants argue that count III was properly dismissed because plaintiffs have failed to properly plead a stockholder's derivative action therein. Specifically, defendants argue that plaintiffs have failed to state with particularity the efforts made by them to obtain the desired actions from the Bank's board of directors, or their reason for not making such an effort.

Defendants are correct that a cause of action for misappropriation of corporate assets belongs to the corporation rather than to individual stockholders and must be brought in a derivative action. Misappropriation of corporate assets is clearly an injury incurred by the corporation rather than individual shareholders. Thus, the shareholders can only sue upon a derivative basis and not as individuals. *Poliquin v. Sapp* (1979), 72 Ill. App. 3d 477, 480, 390 N.E.2d 974, 977.

Defendants are also correct that generally, before a shareholder may bring a derivative suit on a corporate right, he must demand that the corporations directors bring suit. (*Valiquet v. First Federal Savings & Loan Association* (1979), 87 Ill. App. 3d 195, 199, 408 N.E.2d

8

921, 925.) However, such demand is not required where the directors sought to be sued are in control of the corporation. (*Conway v. Conners* (1981), 101 Ill. App. 3d 121, 126, 427 N.E.2d 1015, 1019.) In alleging that demand is excused because it would be unavailing, plaintiffs must plead facts, not conclusions. *Valiquet*, 87 Ill. App. 3d at 200, 408 N.E.2d at 925.

Plaintiffs' complaint alleges as follows,

"15. That all demands and requests made by Plaintiff, William J. Borgsmiller, as a shareholder and member of the Board of Directors of The City National Bank of Murphysboro for Defendants, Raymond C. Burroughs, Ben W. Daniel and Norman R. Ellis to cease using the City National Bank of Murphysboro for their own personal use has been to no avail in that all motions made by William J. Borgsmiller as a member of the Board of Directors of The City National Bank of Murphysboro have been rejected.

16. That any further demand by Plaintiffs that the City National Bank of Murphysboro institute a lawsuit against its President and other Board Members would have been useless since City Bancorp, Inc. and defendants own or control a majority of the stock."

We think these allegations are sufficient to satisfy the requirements of a derivative action. The trial court erred in dismissing count III of plaintiffs' complaint.

In summary, we affirm the trial court's dismissal of counts I and II of plaintiffs' complaint. We reverse the trial court's dismissal of count III of plaintiffs' complaint and remand this cause for further action thereon.

For the foregoing reasons, the judgment of the circuit court of Jackson County is affirmed in part, reversed in part, and remanded for further proceedings not inconsistent with this opinion.

Affirmed in part; reversed in part and remanded.

HARRISON and CHAPMAN, JJ., concur.