J. ECK AND SONS, INC., Plaintiff-Appellant, v. THE REUBEN H. DON-NELLEY CORPORATION, Defendant-Appellee.

First District (5th Division)   No. 1—90—2152

Opinion filed May 3, 1991.

Robert Orman, of Chicago, for appellant.

Byron L. Gregory, Steven H. Hoeft, and Daniel J. Donnelly, all of McDermott, Will & Emery, of Chicago, for appellee.

JUSTICE MURRAY delivered the opinion of the court:

Plaintiff, J. Eck & Sons, Inc. (Eck), appeals the dismissal of its complaint against the Reuben H. Donnelley Corporation (Donnelley) in an action for damages based upon the tort of intentional interference with prospective economic advantage. The single issue on appeal is whether Eck properly pled a cause of action for intentional interference with prospective economic advantage.

Insofar as this appeal is concerned, the facts are undisputed. The appeal raises a question on the pleadings. The pertinent facts are as follows.

Eck is an Illinois corporation which, since 1969, was engaged in the home-maintenance business in Chicago's western suburbs. Donnelley publishes directories commonly called the "Yellow Pages." The directories list the names, addresses, telephone numbers, and in some cases the advertisements of many businesses and services, permitting an individual to quickly locate a desired business and its phone number. Donnelley published Eck's advertisements from 1970-1979. Donnelley's customary practice during that time had been to prorate the cost of Eck's advertising over the entire year. Eck alleges Donnelley incorrectly published its 1979 advertisement. Eck refused to pay for the 1979 advertisement. When Eck sought to place advertisements in subsequent editions of the Yellow Pages directories, Donnelley insisted Eck either pay for the 1979 advertisement or pay in advance for the subsequent advertisements.

On October 12, 1982, Eck commenced this litigation by filing a three-count complaint charging Donnelley with an antitrust violation (count I), intentional interference with prospective economic advantage (count II), and breach of contract (count III).

After years of wandering through the Cook County legal system, through no fault of either the parties or the system, on January 2, 1990, Eck filed a second amended complaint consisting of an antitrust count (count I) and an "intentional interference" count (count II). On July 2, 1990, count I was dismissed with prejudice and is not at issue on appeal. Additionally, on July 2, 1990, the trial court granted Donnelley's motion to dismiss Eck's "intentional interference" claim (count II), pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—615), on the ground that Eck failed "to plead facts sufficient to allege the requisite element of intent." Subsequently, Eck filed this timely appeal.

The sole issue involved in this appeal is whether Eck's second amended complaint pled facts sufficient to satisfy the "intent" element of the tort of intentional interference with prospective economic advantage. For the following reasons, we affirm the decision of the trial court.

■ To state a cause of action, a complaint must be legally sufficient, setting forth a legally recognized claim as its avenue of recovery as well as factually sufficient, pleading facts which bring the claim within the legally recognized cause of action alleged. (*Borgsmiller v. Burroughs* (1989), 187 Ill. App. 3d 1, 4, 542 N.E.2d 1281.) A section 2—615 motion to dismiss (Ill. Rev. Stat. 1985, ch. 110, par. 2—615) is an objection provided for by the Illinois Code of Civil Procedure to test the legal sufficiency of a pleading. It is the modern substitute of the old common law general demurrer. In determining whether an assailed complaint is substantially insufficient in law, the well-pleaded facts are admitted by a motion to dismiss. (*Smith v. Chicago Housing Authority* (1976), 36 Ill. App. 3d 967, 968-69, 344 N.E.2d 536; *City of Chicago v. Loitz* (1975), 61 Ill. 2d 92, 93, 329 N.E.2d 208.) Matters not well pleaded are not admitted by such a motion. *Murrell v. Weitzman* (1965), 58 Ill. App. 2d 278, 207 N.E.2d 745.

Eck's amended complaint sets forth a background of Eck's dealing with Donnelley from 1970 through 1978. Eck was previously involved in trade-name litigation with another home-maintenance company with a similar name. As a result of that litigation, the circuit court specifically ordered Eck, beginning on April 26, 1979, to include and exclude certain information in all of Eck's future advertising copy. Donnelley was not a party to that trade-name litigation.

In 1979, Eck placed its Yellow Pages advertising for that year with Donnelley. Eck alleged that it specifically told Donnelley of the circuit court's restrictions and that Donnelley agreed to print plaintiff's ad in compliance with the court's order. Donnelley allegedly incorrectly published Eck's ad. Donnelley demanded that Eck pay, in full, for the incorrectly published advertising. Eck refused to pay the full amount demanded by Donnelley for its 1979 advertising.

Plaintiff attempted to place Yellow Pages advertising for the year 1980. Donnelley's practice from 1970 to 1979 had been to prorate the cost of Eck's advertising over the entire year. However, for 1980, Donnelley demanded either full payment for the incorrect 1979 advertising or payment in advance for Eck's 1980 advertising. Eck would not pay in full for the incorrect 1979 advertising and could not pay for the 1980 advertising in advance.

Eck further alleged that it expected to do business with potential customers in the Chicago suburbs served by the directories and that two of its former customers did not purchase Eck's services because they could not find its advertisement in the Yellow Pages.

Specifically, Eck argues that the following paragraph and other allegations set forth in its second amended complaint, when construed favorably to the plaintiff, sufficiently allege intent:

> "Defendant, Donnelley intentionally interfered with Plaintiff's aforementioned valid business expectancy and prevented that expectancy from ripening into a valid business relationship. Specifically, defendant Donnelley prevented Plaintiff from advertising in the Yellow Pages thereby depriving Plaintiff of potential customers until Plaintiff paid in full for an incorrectly published advertisement (defendant Donnelley knew that Plaintiff had insufficient funds to pay for future advertising in advance, leaving a single alternative—paying the full price for improperly published advertising)."

If Donnelley had intentionally interfered with Eck's business, Eck would be entitled to recover his loss, if any, even if he had to finger through Donnelley's Yellow Pages to find a lawyer to file the suit. Yet, just filing the law suit is not enough. In Illinois one must file a complaint containing facts which, if proven, assert the cause of action.

■ The elements of the cause of action of intentional interference with economic advantage are: (1) plaintiff must have a reasonable expectancy of entering into a valid business relationship; (2) defendant must know about this expectancy; (3) defendant must intentionally interfere with the expectancy preventing the expectancy from ripening into a valid business relationship; and (4) defendant's intentional inter-

ference must injure the plaintiff. (*Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.* (1973), 16 Ill. App. 3d 709, 306 N.E.2d 549, *rev'd in part on other grounds* (1975), 61 Ill. 2d 129, 334 N.E.2d 160.) Additionally, when the conduct of a defendant is privileged, the plaintiff is required to plead and prove that the defendant's actions were done without justification or with actual malice. (*Mannion v. Stallings & Co.* (1990), 204 Ill. App. 3d 179, 186, 561 N.E.2d 1134, 1140; *HPI Health Care Services, Inc. v. Mt. Vernon Hospital, Inc.* (1989), 131 Ill. 2d 145, 545 N.E.2d 672.) If no privilege can be discerned, it then becomes the defendant's burden to plead and prove justification and the plaintiff need only satisfy the minimum pleading requirement of intent. *HPI Health Care Services, Inc. v. Mt. Vernon Hospital, Inc.* (1989), 131 Ill. 2d 145, 156-57, 545 N.E.2d 672.

Despite the trial court's conclusion, Eck charges that Donnelley's conduct was neither privileged nor justified. Moreover, Eck submits that the minimal pleading standard (*i.e.,* no need to plead and prove lack of justification) is not only satisfied by the allegations set forth in the second amended complaint but is uncontested by Donnelley. However, not only does Donnelley dispute the allegation that it acted with the requisite intent to interfere with Eck's business relationship, Donnelley asserts that Eck is trying to confuse the separate concepts of Donnelley's intended acts (*e.g.,* not extending more credit), with the intent to disrupt Eck's business. The issue in this case is not whether Donnelley's conduct was privileged or justified, the issue in this case is Donnelley's intent; the only allegation contained in the language set forth above. We find no factual allegation that Donnelley intended Eck be deprived of business opportunities.

■ Although a liberal pleading State, Illinois is a fact-pleading State. The requirement of liberal construction does "not remedy the failure of a complaint to state a case of action." (*Tru-Link Fence Co. v. The Reuben H. Donnelley Corp.* (1982), 104 Ill. App. 3d 745, 754, 432 N.E.2d 1188.) Illinois pleading law permits a party to plead only ultimate facts, rather than the evidence upon which he relies (*Borgsmiller v. Burroughs* (1989), 187 Ill. App. 3d 1, 542 N.E.2d 1281), yet even under this liberal rule the trial court was correct in dismissing Eck's complaint. The law in Illinois with respect to pleading "ultimate" facts rather than "conclusions of law" is not clear. The same allegation may in one context be a proper allegation of ultimate fact, while in another context, where from a pragmatic viewpoint some of the words do not give sufficient information to an opponent of the character of evidence to be introduced or of the issues to be tried, the allegation may be deemed to be an allegation of a legal conclusion.

(*Van Dekerkhov v. City of Herrin* (1972), 51 Ill. 2d 374, 282 N.E.2d 723.) In this context Eck argues that Donnelley's intent can be inferred from the allegations of the facts of its complaint. However, in Illinois a complaint may not rest upon conclusions of fact unsupported by allegations of specific facts from which such conclusions may be drawn. *Plocher v. City of Highland* (1978), 59 Ill. App. 3d 697, 375 N.E.2d 1016.

The requisite intent for the tort of intentional interference with a prospective business advantage is defendant's knowledge of a reasonable business expectancy and defendant's subsequent intentional interference which prevents the expectancy from ripening into a valid business relationship. (*Futurevision, Inc. v. Dahl* (1985), 139 Ill. App. 3d 61, 66, 487 N.E.2d 127, 131.) This cause of action is a "purposely" caused tort, and therefore, a plaintiff must set forth facts which suggest that defendant acted with the purpose of injuring plaintiff's expectancies. (*Crinkley v. Dow Jones & Co.* (1978), 67 Ill. App. 3d 869, 880, 385 N.E.2d 714, 722.) While in the present case Eck alleged that Donnelley intentionally interfered with Eck's prospective business expectancies, Eck failed to allege that Donnelley acted with the purpose of interfering with Eck's prospective economic advantage.

The key issue in the tort of interference with a party's prospective economic advantage is intent as disclosed by its legal definition and its elements set forth above. Taking plaintiff's complaint as a whole as the law requires, all that Eck has alleged is that Donnelley mistakenly published an advertisement of Eck's that caused Eck injury for which Eck refused to pay and that subsequently Donnelley refused to accept Eck's 1980 advertisement until Eck either paid for the erroneous advertisement (1979 advertisement) or prepaid for the new advertisement. Nowhere is it alleged by specific or the ultimate facts that Donnelley knew its refusal would produce an economic harm to Eck, and additionally, that Donnelley acted despite that knowledge.

Since plaintiff's complaint did not contain sufficient allegations of intent or even allegations from which Donnelley's wrongful intent could be inferred, we find that the trial judge properly granted Donnelley's motion to dismiss. Accordingly, for the reasons set forth above, we affirm the decision of the trial court.

Judgment affirmed.

LORENZ, P.J., and McNULTY, J., concur.