DOROTHY GENERES *et al.*, Plaintiffs-Appellants, v. LESTER D. FORE-MAN, Defendant-Appellee.

First District (6th Division) No. 1—94—2353

Opinion filed December 29, 1995.

Tasker O. Generes, of Northbrook, for appellants.

Jack O'Malley, State's Attorney, of Chicago (Patricia Shymanski, Patricia M. Moser, and Jeffrey S. McCutchan, Assistant State's Attorneys, of counsel), for appellee.

JUSTICE RAKOWSKI delivered the opinion of the court:

This is an appeal from the circuit court's order dismissing with prejudice plaintiffs', Dorothy and Tasker Generes', complaint against defendant, Lester D. Foreman (Foreman). On appeal, plaintiffs present numerous arguments. We need address only one: whether plaintiffs' suit against Foreman was barred by absolute judicial immunity. For the reasons which follow, we affirm the circuit court's dismissal.

Plaintiffs filed this suit against Foreman for events which occurred in another lawsuit in which plaintiffs were defendants and Foreman was one of the trial court judges. In that suit, Continental Illinois National Bank sued plaintiffs. Because Foreman recused himself in all cases involving Continental Illinois National Bank, he recused himself in plaintiffs' case on September 18, 1985. Sometime thereafter, the Federal Deposit Insurance Corporation (FDIC) was substituted as plaintiff. Nothing else transpired in the case until January 26, 1988, when Foreman dismissed the case for want of pros-

ecution (DWP). On February 10, 1988, FDIC filed a motion to vacate the DWP. A hearing was held on April 13, 1988, at which time plaintiffs appeared and argued against the motion to vacate. Plaintiffs contend that, at this time, they advised Foreman of his previous recusal. However, the record is devoid of any evidence to support this contention. When Foreman granted the motion to vacate, plaintiffs filed an immediate appeal. The appellate court dismissed this appeal as premature and the supreme court denied a petition for leave to appeal. Another appeal was dismissed by the appellate court on December 21, 1988, as premature. In July 1989, plaintiffs filed a motion to expunge the order entered by a recused judge. This was the first time they ever argued the issue of Foreman's recusal. This motion to expunge and a second one were both denied.

On April 16, 1990, plaintiffs filed the complaint against Foreman in the instant action. On May 17, 1990, Foreman was granted leave to file a motion to dismiss. On May 30, 1990, plaintiffs filed a motion for judgment on the pleadings. The matter was stayed on June 5, 1990, because plaintiffs failed to return the record to the court or to provide it to opposing counsel.

In the meantime, with regard to the prior suit, plaintiffs filed a timely appeal on April 11, 1991. However, this appeal was dismissed for their failure to pursue it in a timely manner.

Subsequent to June 5, 1990, plaintiffs did nothing substantive to prosecute the action against Foreman. In November 1991, the case was transferred to the bankruptcy court and then back to the circuit court in January 1992. On January 18, 1994, the case was transferred to the law division and plaintiffs filed their amended complaint against Foreman. On June 9, 1994, the trial court dismissed plaintiffs' amended complaint against Foreman with prejudice. Plaintiffs filed this appeal on July 8, 1994, seeking reversal of the trial court's order of June 9, 1994.

Plaintiffs contend that because Foreman recused himself, he lacked jurisdiction to vacate the DWP and, therefore, his act was not protected by judicial immunity. Alternatively, Foreman acted in clear excess of his jurisdiction and, likewise, is not protected by immunity. Finally, they urge us to eliminate the doctrine of absolute judicial immunity.

As to their last argument, we merely state that this is not the proper forum to abolish the doctrine. The matter is for the legislature, the supreme court, or the general populace. See *Pullium v. Allen* (1984), 466 U.S. 522, 529, 80 L. Ed. 2d 565, 571, 104 S. Ct. 1970, 1974 ("principles of *** judicial immunity were incorporated into our judicial system and *** they should not be abrogated absent clear legislative intent to do so").

"As early as 1872, the Court recognized that it was 'a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself.'" (*Stump v. Sparkman* (1978), 423 U.S. 349, 355, 55 L. Ed. 2d 331, 338, 98 S. Ct. 1099, 1104, quoting *Bradley v. Fisher* (1872), 80 U.S. (13 Wall.) 335, 347, 20 L. Ed. 646, 649.)

> "As a class, judges have long enjoyed a comparatively sweeping form of immunity, though one not perfectly well defined. Judicial immunity apparently originated, in medieval times, as a device for discouraging collateral attacks and thereby helping to establish appellate procedures as the standard system for correcting judicial error. [Citation.] More recently, this Court found that judicial immunity was 'the settled doctrine of the English courts for many centuries, and has never been denied, that we are aware of, in the courts of this country.' [Citation.] Besides protecting the finality of judgments or discouraging inappropriate collateral attacks, the *Bradley* Court concluded, judicial immunity also protected judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants. [Citation.]" (*Forrester v. White* (1988), 484 U.S. 219, 225, 98 L. Ed. 2d 555, 564, 108 S. Ct. 538, 543.)

"A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors. The Court made this point clear in *Bradley*, 13 Wall., at 357, where it stated: '[The] erroneous manner in which [the court's] jurisdiction was exercised, however it may have affected the validity of the act, did not make the act any less a judicial act; nor did it render the defendant liable to answer in damages for it at the suit of the plaintiff, as though the court had proceeded without having any jurisdiction whatever ... .'" *Stump*, 435 U.S. at 359, 55 L. Ed. 2d at 341, 98 S. Ct. at 1106.

Two exceptions to the rule granting immunity exist. "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. [Citations.] Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction. [Citations.]" *Mireles v. Waco* (1991), 502 U.S. 9, 11-12, 116 L. Ed. 2d 9, 14, 112 S. Ct. 286, 288.

An act is judicial when "it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." (*Stump*, 435 U.S. at 362, 55 L. Ed. 2d at 342, 98 S. Ct. at 1107.) In this case, there is no question and

can be no question that when Foreman vacated the DWP, he was performing a judicial act.

As to the second exception, the Supreme Court has stated, "the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." (*Stump*, 435 U.S. at 356, 55 L. Ed. 2d at 339, 98 S. Ct. at 1105.) A judge "will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.' " (*Stump*, 435 U.S. at 356-57, 55 L. Ed. 2d at 339, 98 S. Ct. at 1105, quoting *Bradley*, 80 U.S. (13 Wall.) at 351, 20 L. Ed. at 651.) Thus, the question is whether Foreman was acting in the clear absence of all jurisdiction.

We find that Foreman was not acting in the clear absence of all jurisdiction. "Jurisdiction is vested in the court itself and not in any individual judge ***." (*Lopez v. Oyarzabal* (1989), 180 Ill. App. 3d 132, 134 n.1, 535 N.E.2d 8, citing *People ex rel. Sanbach v. Weber* (1949), 403 Ill. 331, 86 N.E.2d 202; see also *People v. P.H.* (1991), 145 Ill. 2d 209, 222, 582 N.E.2d 700 (irrelevant where minor tried, juvenile or criminal division, because mere matter of procedure).) Thus, because it is undisputable that the circuit court of Cook County had jurisdiction, plaintiffs' contention is without merit. Because neither exception applies, Foreman was immune from suit.

As to plaintiffs' second argument, that Foreman acted in excess of his jurisdiction, the Supreme Court has stated: "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." (*Bradley*, 80 U.S. (13 Wall.) at 351, 20 L. Ed. at 651.)

> "In holding that a judge was immune for his judicial acts, even when such acts were performed in excess of his jurisdiction, the Court in *Bradley* stated:
>> 'A distinction must be here observed between excess of jurisdiction and the clear absence of all jurisdiction over the subject-matter. Where there is clearly no jurisdiction over the subject-matter any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible. But where jurisdiction over the subject-matter is invested by law in the judge, or in the court which he holds, the manner and extent in which the jurisdiction shall be exercised are generally as much questions for his determination as any other questions involved in the case, although upon the correctness of his determination in these particulars the validity of his judgments may depend.' "
> (*Stump*, 435 U.S. at 356 n.6, 55 L. Ed. 2d at 339 n.6, 98 S. Ct.

at 1104 n.6, quoting *Bradley*, 80 U.S. (13 Wall.) at 351-52, 20 L. Ed. at 651.)

As determined above, Foreman did not act without jurisdiction. Although he may have acted in excess of his jurisdiction, which we need not decide, immunity still applies. Therefore, plaintiffs' suit against Foreman was properly dismissed.

We additionally point out that "suits against judges [are not] the only available means through which litigants can protect themselves from the consequences of judicial error. Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability." (*Forrester*, 484 U.S. at 227, 98 L. Ed. 2d at 565, 108 S. Ct. at 544.) Plaintiffs had this option and, in fact, exercised it. They appealed the decision in the previous litigation. However, they failed to timely pursue the matter and the appeal was dismissed. They had a remedy available to them that they failed to utilize. We cannot now correct their error by allowing them to sue Foreman personally.

Based on the above, we affirm the decision of the circuit court of Cook County.

Affirmed.

EGAN and ZWICK, JJ., concur.