DAVID I. GRUND, Plaintiff-Appellant, v. JAMES DONEGAN, Defendant-Appellee.

First District (5th Division) No. 1—97—2812

Opinion filed August 21, 1998.

Grund & Starkopf, of Chicago, for appellant.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Brian F. Barov, Assistant Attorney General, of counsel), for appellee.

PRESIDING JUSTICE HOFFMAN delivered the opinion of the court:

David I. Grund, an attorney, filed the instant action against James Donegan, an associate judge of the circuit court of Cook County, seeking damages predicated upon theories of tortious interference with contract and tortious interference with prospective economic advantage. Grund now appeals from the circuit court's order dismissing his action. For the reasons that follow, we affirm.

In his complaint, Grund alleges that he was engaged to represent Elizabeth Stamer in a domestic relations action entitled In re the Marriage of Elizabeth Stamer and Jesse Stamer, pending in the circuit court of Cook County as case No. 95 D 9895. Grund charges that Judge Donegan "made every effort to thwart Grund's ability to adequately represent his client and protect her rights because of [Judge] Donegan's utter dislike for Grund." According to his complaint, when Grund presented a petition for an order of protection on Stamer's behalf before Judge Donegan on July 19, 1996, Judge Donegan "criticized Grund on the record and accused Grund of serious allegations in front of Stamer." When Grund requested that Judge Donegan recuse himself, Judge Donegan refused and allegedly "accused Grund of using the law inappropriately so as to force *** [his] recusal." The complaint goes on to allege that Stamer informed Grund that she had learned from a "very reliable source" that Judge Donegan had an extrajudicial conversation with a disbarred attorney in which he detailed Stamer's case and specifically commented that Grund was "providing inadequate representation." Grund claims that these incidents and a failed motion for substitution of judges gave rise to "a conflict between Grund and Stamer *** precluding Grund's continued representation of her before [Judge] Donegan" and resulted in the loss of "any further attorney's fees he would have earned representing Stamer."

In response to Grund's complaint, Judge Donegan filed a combined motion to dismiss pursuant to section 2—619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2—619.1 (West 1996)). In that motion, Judge Donegan argued that Grund's complaint failed to state a cause of action for either tortious interference with contract or tortious interference with prospective economic advantage and sought dismissal pursuant to section 2—615 of the Code (735 ILCS 5/2—615 (West 1996)). Specifically, the motion pointed out that Grund's com-

plaint failed to allege that any breach of contract occurred or that Judge Donegan intended that his alleged extrajudicial remarks would be relayed to Stamer. Pursuant to section 2—619(a)(9) (735 ILCS 5/2—619(a)(9) (West 1996)), Judge Donegan raised, *inter alia*, the doctrine of absolute judicial immunity as a bar to any liability for the remarks he is alleged to have made in the course of the proceedings before him on July 19, 1996.

The circuit court granted Judge Donegan's motion to dismiss. Thereafter, Grund filed a timely notice of appeal, invoking our jurisdiction under Supreme Court Rule 301 (155 Ill. 2d R. 301).

■ A section 2—615 motion attacks the sufficiency of a complaint and raises the question of whether the complaint states a cause of action upon which relief can be granted. *Burdinie v. Village of Glendale Heights*, 139 Ill. 2d 501, 505, 565 N.E.2d 654 (1990); *Janes v. First Federal Savings & Loan Ass'n*, 57 Ill. 2d 398, 406, 312 N.E.2d 605 (1974). The issue is one of law, and our review of a dismissal pursuant to section 2—615 is *de novo. Metrick v. Chatz*, 266 Ill. App. 3d 649, 651-52, 639 N.E.2d 198 (1994).

■ In considering a section 2—615 motion, all well-pled facts in the complaint must be taken as true with all reasonable inferences drawn in favor of the pleader. *Geick v. Kay*, 236 Ill. App. 3d 868, 873, 603 N.E.2d 121 (1992). A complaint fails to state a cause of action if it does not contain factual allegations in support of each element of the claim that the plaintiff must prove in order to sustain a judgment. *Schuler v. Abbott Laboratories*, 265 Ill. App. 3d 991, 994, 639 N.E.2d 144 (1993). Furthermore, a complaint may not rest on mere unsupported factual conclusions. *J. Eck & Sons, Inc. v. Reuben H. Donnelley Corp.*, 213 Ill. App. 3d 510, 515, 572 N.E.2d 1090 (1991). On appeal from the dismissal of a complaint pursuant to section 2—615 of the Code, a plaintiff may only argue and rely on the allegations of fact made in the complaint, and this court can only review the trial court's decision based on those same allegations. *Eisenbach v. Esformes*, 221 Ill. App. 3d 440, 443, 582 N.E.2d 196 (1991).

■ A section 2—619 motion, which seeks involuntary dismissal of a claim based upon certain specified defenses, raises the question of whether there is a genuine issue of material fact and whether the defendant is entitled to judgment as a matter of law. *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 485, 494, 639 N.E.2d 1282 (1994). Since the issue is again one of law, we also review dismissals pursuant to section 2—619 *de novo. Hutson v. Hartke*, 292 Ill. App. 3d 411, 413, 686 N.E.2d 734 (1997). When the grounds for a section 2—619 motion are apparent on the face of the complaint, the motion is within the area of confluence between section 2—615 and section 2—619. *Illinois Graphics Co.*, 159 Ill. 2d at 486.

■ The elements of an action for tortious interference with contract are: (1) the existence of a valid and enforceable contract between the plaintiff and another; (2) the defendant's awareness of the contractual relationship; (3) the defendant's intentional and unjustified inducement of a breach of the contract; (4) a subsequent breach by the other caused by the defendant's wrongful conduct; and (5) damages. *Strosberg v. Brauvin Realty Services, Inc.*, 295 Ill. App. 3d 17, 32-33, 691 N.E.2d 834 (1998). In this case, Grund's complaint nowhere alleges any breach of contract on the part of Stamer and, as such, wholly fails to state a cause of action for tortious interference with contract. We are left then only with the question of whether the trial court erred in dismissing Grund's claim for tortious interference with prospective economic advantage.

■ ■ The relationship between an attorney and his client is terminable at will. *La Rocco v. Bakwin*, 108 Ill. App. 3d 723, 727-28, 439 N.E.2d 537 (1982). Until terminated, the relationship created by an at-will contract will presumptively continue in effect so long as the parties are satisfied, and, therefore, such a relationship is sufficient to support an action for tortious interference. *Kemper v. Worcester*, 106 Ill. App. 3d 121, 125, 435 N.E.2d 827 (1982). Interference may occur where an attorney is prevented from performing his professional duties or where the performance of those duties is made more difficult. *Callis, Papa, Jensen, Jackstadt & Halloran, P.C. v. Norfolk Southern Corp.*, 292 Ill. App. 3d 1003, 1009, 686 N.E.2d 750 (1997). As we held in *Anderson v. Anchor Organization for Health Maintenance*, 274 Ill. App. 3d 1001, 1013, 654 N.E.2d 675 (1995):

> "An action for tortious interference with a contract terminable at will is classified as one for intentional interference with prospective economic advantage. (See *Fellhauer v. City of Geneva* (1991), 142 Ill. 2d 495, 510, 568 N.E.2d 870.) To prevail in such an action, a plaintiff must plead and prove: '(1) his reasonable expectation of entering into a valid business relationship; (2) the defendant's knowledge of the plaintiff's expectancy; (3) purposeful interference by the defendant that prevents the plaintiff's legitimate expectancy from ripening into a valid business relationship; and (4) damages to the plaintiff resulting from such interference.' *Fellhauer*, 142 Ill. 2d at 511."

As stated earlier, Grund alleged two incidents in support of his claim that Judge Donegan interfered with his prospective economic advantage. The first incident occurred in open court when Judge Donegan is alleged to have criticized Grund in the presence of Stamer. However, as Judge Donegan correctly argues, he is absolutely immune from liability for any statement he may have made during the course of a judicial proceeding.

■ A judge is *absolutely* immune from liability for acts committed while exercising the authority vested in him. This doctrine of judicial immunity is subject to only two exceptions: namely, actions not taken in the judge's judicial capacity and actions taken in the complete absence of all jurisdiction. *Generes v. Foremen*, 277 Ill. App. 3d 353, 355, 660 N.E.2d 192 (1995). In this case, there can be no question from the allegations contained in Grund's complaint that neither exception is applicable to the statements attributed to Judge Donegan during the course of the domestic relations proceedings on July 19, 1996. Consequently, to the extent that Grund's claim is based on those statements, it was properly dismissed pursuant to section 2—619(a)(9) of the Code. The issue before us is thus narrowed to the question of whether Grund's complaint states a cause of action for tortious interference with prospective economic advantage based on Judge Donegan's alleged extrajudicial statements.

■ In order to state a cause of action for tortious interference with prospective economic advantage, the plaintiff must allege action by the defendant directed towards the party with whom the plaintiff expects to do business. *Schuler*, 265 Ill. App. 3d at 994-95; *Galinski v. Kessler*, 134 Ill. App. 3d 602, 607-08, 480 N.E.2d 1176 (1985). It is as to this element that Grund's complaint is lacking.

■ Illinois is a fact-pleading jurisdiction. *Knox College v. Celotex Corp.*, 88 Ill. 2d 407, 426-27, 430 N.E.2d 976 (1981). Although both sections 2—603(c) and 2—612(b) of the Code (735 ILCS 5/2—603(c), 2—612(b) (West 1996)) mandate the liberal construction of pleadings, these provisions do not authorize notice pleading. *Knox*, 88 Ill. 2d at 426-27. To pass muster a complaint "must plead facts which bring the claim within the legally recognized cause of action alleged." *People ex rel. Fahner v. Carriage Way West, Inc.*, 88 Ill. 2d 300, 308, 430 N.E.2d 1005 (1981). Conclusions of fact will not suffice to state a cause of action regardless of whether they generally inform the defendant of the nature of the claim against him. *Adkins v. Sarah Bush Lincoln Health Center*, 129 Ill. 2d 497, 519-20, 544 N.E.2d 733 (1989).

■ Grund charges that Judge Donegan intentionally engaged in extrajudicial conversations about him to thwart his continued representation of Stamer. Grund's complaint, however, fails to allege that Judge Donegan directed any extrajudicial remarks toward Stamer and further fails to allege any facts that would show that Judge Donegan knew or had reason to believe that his alleged extrajudicial comments concerning Grund would be relayed to Stamer. By failing to allege facts in support of the conclusion that Judge Donegan directed his alleged remarks to Stamer, either directly or indirectly, Grund's complaint fails to plead facts in support of a necessary element of a cause

of action for tortious interference with prospective economic advantage. The count was, therefore, properly dismissed.

 Grund did not seek leave to amend his complaint before the trial court and has, thereby, elected to stand on his complaint as stated. *Illinois Graphics Co.*, 159 Ill. 2d at 497. Further, Grund has made no argument in his brief before us that the trial court abused its discretion in failing to grant him leave to amend his complaint. As a consequence, the issue of whether Grund should have been afforded an opportunity to correct the deficiencies in his complaint by amendment is waived. 155 Ill. 2d R. 341(e)(7).

Affirmed.

HARTMAN and HOURIHANE, JJ., concur.